# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. THOMAS FARMER, Defendant. | INDICTMENT<br><br>Criminal No. 13-162 (JAF)<br><br>Violation: 15 U.S.C. § 1<br><br>ONE COUNT |

**THE GRAND JURY CHARGES:**

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Freight was transported by water on scheduled ocean voyages between the continental United States and Puerto Rico ("Puerto Rico freight services").

2. Puerto Rico freight services were offered by freight carriers that operated self-propelled ships and other freight carriers that operated barges. Freight carriers that offered Puerto Rico freight services transported for customers a variety of cargo shipments, such as heavy equipment, medicines, food, beverages, and consumer goods.

3. For their Puerto Rico freight services, freight carriers charged their customers a price that consisted of a base rate and, at times, various surcharges and fees, such as a bunker fuel surcharge. The base rate charged for Puerto Rico freight services could vary based on a variety of factors, including the point of origin or destination, the type of cargo being transported, whether the cargo was containerized, and the type and size of the cargo container.

## DESCRIPTION OF THE OFFENSE

4. The General Allegations of this Indictment are re-alleged and incorporated herein by reference.

5. From at least as early as mid-2005, to in or about April 2008, the exact dates being unknown to the Grand Jury, in the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court:

**THOMAS FARMER,**

the defendant herein, and his co-conspirators, did enter into and engage in a combination and conspiracy to suppress and eliminate competition by agreeing to fix rates and surcharges for Puerto Rico freight services. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and his co-conspirators, the substantial terms of which were to fix rates and surcharges for Puerto Rico freight services. The combination and conspiracy engaged in by the defendant and his co-conspirators was in unreasonable restraint of interstate trade and commerce. All in violation of Title 15, United States Code § 1.

## DEFENDANT AND CO-CONSPIRATORS

6. At all times during the period covered by this Indictment, the defendant **THOMAS FARMER** was the Vice President, Price and Yield Management for Crowley Liner Services, Inc., a freight carrier providing Puerto Rico freight services by barge.

7. Various corporations and individuals, not made defendants in this Indictment, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance thereof.

8. Whenever in this Indictment reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control or transaction of its business or affairs.

## MEANS AND METHODS OF THE CONSPIRACY

It was part of the means and methods of the unlawful conspiracy that:

9. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant **THOMAS FARMER** and his co-conspirators did those things that they combined and conspired to do, including, among other things:

    (a) participating in meetings, conversations, and communications in the continental United States and Puerto Rico to discuss customers, rates, surcharges, and bids for the sale of Puerto Rico freight services;

    (b) agreeing during those meetings, conversations and communications to allocate customers of Puerto Rico freight services between and among the conspirators;

    (c) agreeing during those meetings, conversations, and communications to fix, stabilize, and maintain rates and surcharges charged to customers of Puerto Rico freight services;

    (d) agreeing during those meetings, conversations, and communications to rig bids submitted to government and commercial customers of Puerto Rico freight services;

(e)  engaging in meetings, conversations and communications for the purpose of monitoring and enforcing adherence to the agreed-upon rates and surcharges;

(f)  selling Puerto Rico freight services at collusive and noncompetitive rates and surcharges pursuant to the agreements reached;

(g)  accepting payment for Puerto Rico freight services at collusive and noncompetitive rates and surcharges; and

(h)  authorizing and consenting to the participation of subordinate employees in the conspiracy.

## **TRADE AND COMMERCE**

10.  During the period covered by this Indictment, bills of lading, manifests, invoices for payment, payments and other documents essential to the provision of Puerto Rico freight services were transmitted in interstate commerce between and among offices of the defendant and his corporate co-conspirators and their customers located in various states and Puerto Rico.

11.  During the period covered by this Indictment, the defendant and his corporate co-conspirators transported substantial volumes of freight in a continuous and uninterrupted flow of interstate commerce between various states and Puerto Rico.

12.  During the period covered by the Indictment, the business activities of the defendant **THOMAS FARMER** and his corporate co-conspirators, in connection with the Puerto Rico freight services that are the subject of this Indictment, were within the flow of, and substantially affected, interstate commerce.

## JURISDICTION AND VENUE

13. The combination and conspiracy charged in this Indictment was carried out, in part, within the District of Puerto Rico within the five years preceding the return of this Indictment.

All in violation of Title 15, United States Code §1.

/TRUE BILL

**FOREPERSON**

Date: 21 MARCH 2013

William J. Baer
Assistant Attorney General
Antitrust Division
United States Department of Justice

Rosa E. Rodriguez-Velez
United States Attorney
District of Puerto Rico

Scott D. Hammond
Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

Brent Snyder, PR Attorney #G01209
Trial Attorney
San Francisco Field Office
Antitrust Division
United States Department of Justice
450 Golden Gate Avenue, Room 10-0101
San Francisco, California 94102
Tel: (415) 436-6675 / Fax: (415) 436-6687
Email: brent.snyder@usdoj.gov

Marvin N. Price, Jr.
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

Lisa M. Phelan
Chief, Nat'l Criminal Enforcement Section
Antitrust Division
United States Department of Justice