IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

Criminal No. 03:13-cr-00162 (DRD-MEL)

v.

**THOMAS FARMER,**
Defendant.

### UNITED STATES' MOTION IN LIMINE FOR AN ORDER PERMITTING CONSPIRATORS TO TESTIFY ABOUT THE EXISTENCE OF AN AGREEMENT

This case charges defendant Thomas Farmer with participating in a conspiracy to fix rates and surcharges on water freight shipments between the continental United States and Puerto Rico in violation of 15 U.S.C. § 1.  To prove the existence of a price-fixing agreement to which defendant was a party, the United States intends, among other things, to call conspirator witnesses who will testify that they reached price-fixing agreements with defendant.  The United States moves *in limine* for an order permitting prosecution witnesses to testify to any opinions or inferences they may have drawn – based on their own perceptions of events they personally witnessed – about the existence of an agreement or understanding in this case.

For the convenience of the Court, a proposed order is attached.  Because the issues raised in this Motion are very similar to those raised in the same motion *in limine* filed by the United States in the case against the defendant's co-conspirator, Frank Peake, the proposed Order follows the Order issued by this Court in the *Peake* case.  *See United States v. Peake,* No. 03:11-cr-00512 (DRD), Dkt. 125 (Jan. 4, 2013).[1]

---

[1] On April 9, 2014, undersigned counsel sent an e-mail to defense counsel asking for his position on this motion by the end of the following day, but did not receive a response.

## ARGUMENT

The central issue in this case, as in any Sherman Act case, is proof of an agreement.  *See United States v. Standard Oil, Co.,* 316 F.2d 884, 890 (7th Cir. 1963) ("The substantive law of trade conspiracies requires some consciousness of commitment to a common scheme."). Common evidence that the defendant agreed to fix prices with his co-conspirators is the testimony of those co-conspirators themselves that a price-fixing agreement existed and that defendant participated in that agreement.

This testimony is permissible under Federal Rule of Evidence 701 because it is "rationally based on the witness's perception" and would be "helpful" to the determination of a "fact in issue" – and indeed, in this case, *the* fact in issue.  *See* Fed. R. Evid. 701; *see also United States v. Rodriguez-Velez*, 597 F.3d 32, 41 (1st Cir. 2010) (holding that lay opinion testimony regarding who "had strongest say" in staffing of a surveillance tower was admissible based on the observations of a percipient witness); *United States v. Munoz-Franco*, 487 F.3d 25, 36 (1st Cir. 2007) (holding that lay opinion testimony regarding banking practices was admissible based on the witness's employment at the bank).  Such testimony is routinely admitted in antitrust cases.  *Standard Oil*, 316 F.2d at 889-90 ("witnesses in antitrust cases have uniformly been permitted to testify concerning the existence of agreements and understandings").[2]

---

[2] *See also United States v. Misle Bus & Equip. Co.,* 967 F.2d 1227, 1234 (8th Cir. 1992) (admitting lay witness testimony whether price-fixing and market-allocation agreements had been reached); *United States v. Metro. Enter., Inc.*, 728 F.2d 444, 447 (10th Cir. 1984) (witness testified that he and competitor "agreed to 'a deal'" whereby he would get a subcontract in exchange for participating in bid rigging scheme); *United States v. Portsmouth Paving Co.,* 694 F.2d 312, 318 (4th Cir. 1982) (witness testified how he and competitors had "agreed to not fight, to get along"); *United States v. Cargo Serv. Stations, Inc.,* 657 F.2d 676, 680 (5th Cir. 1981) (witness testified that competitors had met and reached an "implied understanding" as to prices); *Standard Oil Co.*, 316 F.2d at 889-90 (trial court erred in not permitting witnesses to answer questions regarding whether there was an "agreement" or "understanding" concerning prices).

Rule 701 allows a lay witness to testify to her or his opinions or inferences if the testimony is (1) rationally based on the perception of the witness; (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge.  Fed. R. Evid. 701; *United States v. Cox*, 633 F.2d 871, 875 (9th Cir. 1980).  Each of these requirements will be met by the conspirator testimony in this case.

The first prong represents "the familiar requirement of first-hand knowledge or observation."  *United States v. Rea,* 958 F.2d 1206, 1215 (2d Cir. 1992) (quoting Fed. R. Evid. 701 Advisory Committee Note on 1972 Proposed Rules).  When the opinion testimony relates to a statement made to the witness, the first requirement of Rule 701 is met.  *See United States v. Simas,* 937 F.2d 459, 464 (9th Cir. 1991) (testimony by FBI agent about statements made to that agent satisfied first requirement of Rule 701).  However, the lay witness need not actually have participated in the conversation in which the statement was made in order to satisfy Rule 701(a).  *See United States v. Saulter,* 60 F.3d 270, 276 (7th Cir. 1995).  Rather, it is sufficient that the witness has "personal knowledge of the subject discussed and the persons involved."  *Id.*  Where, as here, the witness was a direct participant in the making of an illegal agreement, that threshold requirement is easily satisfied.  *See United States v. MMR Corp. (LA),* 907 F.2d 489, 495-96 (5th Cir. 1990).

The Fifth Circuit's reasoning in the *MMR Corp.* case is particularly instructive on the application of this first prong.  There, a conspirator was permitted to testify that the defendant had agreed at a meeting to submit a sham bid on an electrical contract.  *Id.* at 495.  The defendant objected to the testimony on the ground that the conspirator lacked personal knowledge of whether the defendant actually would submit the sham bid.  *Id.*  The court rejected the

- 3 -

defendant's argument and held that the conspirator's personal knowledge of the events was determinative. *Id.* at 496. Specifically, the court held that the conspirator's testimony was permissible because the conspirator was not only a "direct party to the agreement" but "a negotiator of the terms of joinder of the conspiracy" and, therefore, unquestionably had sufficient "personal knowledge of the facts underlying his testimony." *Id.*

In this case, witnesses will be called to recount their own conspiratorial communications with defendant and other conspirators. Each of them clearly has personal knowledge of what took place during those communications. All of the percipient conspirator witnesses should be permitted to testify regarding any inferences they drew from such meetings and conversations, assuming that such testimony would be "helpful" in determining a "fact in issue" as required under the second prong of the rule. *See* Fed. R. Evid. 701.

As to the second requirement, lay opinion testimony is helpful to the jury when it is relevant to the jury's determination of a fact in issue.[3] In antitrust cases, conspirator testimony about agreements and understandings is highly probative of a fact in issue. In antitrust cases, agreements do not have to be formal or explicit. An agreement can be implicit and inferred by the participants from any number of factors, including the conduct of the parties, their experience with the others involved, and the circumstances from which the agreement arose. *See, e.g.*, *United States v. Gen. Motors Corp.,* 384 U.S. 127, 141-43 (1966); *Am. Tobacco Co. v. United States,* 328 U.S. 781, 809-10 (1946). Therefore, it is not just the words of the participants that are determinative but rather the "fact of commitment." *Standard Oil,* 316 F.2d at 890. The

---

[3] *See, e.g.*, *Craig Outdoor Adver. v. Viacom Outdoor Inc.,* 528 F.3d 1001, 1013-14 (8th Cir. 2008) (lay testimony from rail employees as to their understanding of the terms of agreement between railroad and outdoor advertising agency permissible to refute advertising agency's contrary assertions); *United States v. Burnette,* 698 F.2d 1038, 1051 (9th Cir. 1983) (admitting officer's opinion testimony on whether he thought defendant was removing a license plate from a car because such testimony was "helpful to a determination of a fact in issue").

operative question is whether, based on the cumulative effect of the conduct, the participants felt they had agreed to commit themselves to a given course of action. Therefore, it is helpful for the trier of fact not simply to hear what was said by the conspirators but also to hear what the participants inferred and understood from what was discussed. *See* Fed. R. Evid. 701(b).[4]

"An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a).[5] Because the lay opinion testimony in question is admissible pursuant to Rule 701, the so-called "ultimate issue" does not bar its admission. Arguments that such testimony amounts to an impermissible legal conclusion also fail. When witnesses testify about terms such as "agreement" or "understanding" that have "well-established lay meanings," that testimony does not intrude upon the province of the jury. *E.g.*, *Standard Oil,* 316 F.2d at 889-90; s*ee also Misle Bus & Equip.,* 967 F.2d at 1234.

As for the third requirement of Rule 701, courts have held that the lay opinion must not be based upon any specialized knowledge but must be "the product of reasoning processes familiar to the average person in everyday life." *See United States v. Wilson*, 605 F.3d 985, 1025

---

[4] Lay opinion testimony is also helpful to the jury when clarifying the meaning of a declarant's statements. *See Simas*, 937 F.2d at 465 (testimony helpful to jury's determination of what declarant meant to convey); *United States v. De Peri,* 778 F.2d 963, 977 (3d Cir. 1985) (opinion testimony helpful to clarify meaning of vague and ambiguous words); *United States v. Cont'l Grp., Inc.*, 603 F.2d 444, 468 n.5 (3d Cir. 1979) (no error where court permitted co-conspirator to explain his understanding of silence at conspiratorial meetings); *United States v. Brooks*, 473 F.2d 817, 818 (9th Cir. 1973) (per curiam) ("A declarant obviously intends that his statement to a witness be understood; it is hardly improper to allow the witness to state what was understood.").

[5] The language of Rule 704 was amended December 1, 2011. The prior version stated: "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The Advisory Committee Notes explain that: "[t]hese changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility." Fed. R. Evid. 704 Advisory Committee Notes on 2011 Amendment.

- 6 -

(D.C. Cir. 2010). Such is the case here, where the witness testimony will not be based on specialized or technical knowledge.

## CONCLUSION

For the foregoing reasons, prosecution witnesses should be permitted to testify to any opinions or inferences they may have drawn – based on their own perceptions of events they personally witnessed – about the existence of an agreement or understanding in this case.

DATED: April 10, 2014                    Respectfully submitted,

                                                               _/s/ Jon B. Jacobs_____
                                                              Craig Y. Lee, PR Attorney #G01208
                                                              Jon B. Jacobs, PR Attorney #G01508
                                                              Trial Attorneys
                                                              U.S. Department of Justice
                                                              Antitrust Division
                                                              450 5th St., NW Suite 11300
                                                              Washington, DC 20530
                                                              Tel: (202) 514-5012
                                                              Fax: (202) 514-6525
                                                              Email: jon.jacobs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2014, a true and correct copy of the foregoing "UNITED STATES' MOTION IN LIMINE FOR AN ORDER PERMITTING CONSPIRATORS TO TESTIFY ABOUT THE EXISTENCE OF AN AGREEMENT" was filed electronically and to the best of my knowledge, information and belief, counsel for defendant will be notified through the Electronic Case Filing System.

     /s/ Jon B. Jacobs
Jon B. Jacobs, PR Attorney #G01508
Trial Attorney
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 11300
Washington, D.C. 20530
Tel.: (202) 514-5012
Fax: (202) 514-6525
Email: jon.jacobs@usdoj.gov