IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**THOMAS FARMER,**<br>Defendant. | Criminal No. 03:13-cr-00162 (DRD-MEL) |

### UNITED STATES' MOTION IN LIMINE FOR AN ORDER PERMITTING INTO EVIDENCE CO-CONSPIRATORS' GUILTY PLEAS AND PLEA AGREEMENTS

This case charges defendant Thomas Farmer with participating in a conspiracy to fix rates and surcharges on water freight shipments between the continental United States and Puerto Rico in violation of 15 U.S.C. § 1. At trial, the United States plans to call a number of co-conspirator witnesses who will testify pursuant to plea agreements. The United States moves *in limine* for an order permitting it to: (i) introduce evidence of the guilty pleas and plea agreements of its co-conspirator witnesses if the Court also provides the jury with a cautionary instruction; and (ii) comment on the guilty pleas and plea agreements during its opening statement and closing arguments. The United States does not object to the order also permitting the defendant to argue any potential interests that these witnesses may have in diminishing their sentences.

For the convenience of the Court, a proposed order is attached. Because the issues raised in this Motion are very similar to those raised in the same motion *in limine* filed by the United States in the case against the defendant's co-conspirator, Frank Peake, the proposed Order follows the Order issued by this Court in the *Peake* case. *See United States v. Peake,* No. 03:11-cr-00512 (DRD), Dkt. 124 (Jan. 4, 2013).[1]

---

[1] On April 9, 2014, undersigned counsel sent an e-mail to defense counsel asking for his position on this motion by the end of the following day, but did not receive a response.

## **ARGUMENT**

The First Circuit has repeatedly recognized that the United States may introduce into evidence the existence and contents of a plea agreement.  *See, e.g., United States v. Dockray*, 943 F.2d 152, 156 (1st Cir. 1991) (holding that the United States may inform the jury of the contents of its witness's plea agreement); *United States v. Sutherland*, 929 F.2d 765, 775-76 (1st Cir. 1991) (holding that the United States may inform the jury of the existence of its witness's plea agreement); *United States v. Martin,* 815 F.2d 818, 821-23 (1st Cir. 1987) (holding that it was not error for the district court to allow the United States to read to the jury the full contents of its witnesses' plea agreements, including provisions requiring the witnesses to testify truthfully). Specifically, the First Circuit has held that the United States may "admit a witness's plea agreement into evidence, discuss the details of the plea during closing arguments, and comment upon a witness's incentive to testify truthfully."  *United States v. Hansen*, 434 F.3d 92, 101 (1st Cir. 2006).  The First Circuit has also held that the United States may reference its witnesses' plea agreements during opening statements and closing arguments.  *See id.*; *Sutherland*, 929 F.2d at 776.  In all of these cases, the First Circuit concluded that the admission of plea agreements did not amount to vouching, i.e., an improper prosecutorial claim that the jury should believe a witness because the government believes that person.  *United States v. Figueroa-Encarnacion*, 343 F.3d 23, 28 (1st Cir. 2003).

The First Circuit reasons that allowing prosecutors to admit plea agreements into evidence assists the jury in assessing the credibility of the government's witnesses:

> [Plea agreements] may often . . . point in different directions: a warning therein that the defendant will be prosecuted for false testimony enhances his credibility as a witness, but the rewards promised to him in the same document may undermine his credibility by showing that he stood to gain from incriminating others. . . . [R]edaction [of the plea agreement] would leave the jury with a slanted and false picture of what the bargain entailed.  Only by viewing the entire agreement can the jury get the whole picture, from

    which to assess, as best it can, the probable motives or interests the witnesses could have in testifying truthfully or falsely.

*Martin*, 815 F.2d at 821.  Applying this logic, the First Circuit consistently upholds decisions allowing the United States to introduce cooperating witnesses' plea agreements into evidence.  *See, e.g., Dockray*, 943 F.2d at 156 (finding that the government may properly call attention to a witness's motivation for testifying by informing the jury of that witness's plea agreement); *see also United States v. Perez-Ruiz*, 353 F.3d 1, 10 (1st Cir. 2003) ("[A]n argument that does no more than assert reasons why a witness ought to be accepted as truthful by the jury is not improper witness vouching.").

   The plea agreements are likely to affect the jury's assessment of the credibility of the witnesses.  The United States, therefore, proposes to alert the jury to the existence of these issues by addressing them at opening statement and by questioning witnesses on direct examination about the relevant agreement to which they will be testifying.  The United States also may offer to the jury as exhibits copies of these plea agreements during direct or re-direct testimony.  This will allow the United States to be candid and forthcoming about issues affecting the credibility of the witnesses and to avoid direct or implied charges that it is trying to hide harmful evidence concerning the witnesses' culpability in the charged offense.  These procedures will also assist the jury in learning the specific provisions of the agreements applicable to the government's witnesses.  As such, the jury will be able to obtain a more accurate and complete explanation for the underlying motivations affecting the testimony of the United States' witnesses.

   In the *Peake* case, this Court guarded against any possibility that the jury would consider the guilty pleas of the government's co-conspirator witnesses by giving a cautionary instruction that "[y]ou are not to consider their guilty pleas as evidence against [the defendant]."  *Peake,*

Dkt. 186, at 14.  The United States does not object to the same instruction being provided in this case.

## CONCLUSION

The United States moves *in limine* for the same order this Court entered in the *Peake* case, permitting the United States to: (i) introduce evidence of the guilty pleas and plea agreements of its co-conspirator witnesses if the Court also provides the jury with a cautionary instruction; and (ii) comment on the guilty pleas and plea agreements during its opening statement and closing arguments; and permitting defendant to argue any potential interests that these witnesses may have in diminishing their sentences.

DATED: April 10, 2014                    Respectfully submitted,

                                          _/s/ Jon B. Jacobs _____
                                          Craig Y. Lee, PR Attorney #G01208
                                          Jon B. Jacobs, PR Attorney #G01508
                                          Trial Attorneys
                                          U.S. Department of Justice
                                          Antitrust Division
                                          450 5th St., NW Suite 11300
                                          Washington, DC 20530
                                          Tel: (202) 514-5012
                                          Fax: (202) 514-6525
                                          Email: jon.jacobs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2014, a true and correct copy of the foregoing "UNITED STATES' MOTION IN LIMINE FOR AN ORDER PERMITTING INTO EVIDENCE CO-CONSPIRATORS' GUILTY PLEAS AND PLEA AGREEMENTS" was filed electronically and to the best of my knowledge, information and belief, counsel for defendant will be notified through the Electronic Case Filing System.

    /s/ Jon B. Jacobs
Jon B. Jacobs, PR Attorney #G01508
Trial Attorney
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 11300
Washington, D.C. 20530
Tel.: (202) 514-5012
Fax: (202) 514-6525
Email: jon.jacobs@usdoj.gov