IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**THOMAS FARMER,**<br>Defendant. | Criminal No. 03:13-cr-00162 (DRD-MEL) |

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING LACK OF SPECIFIC INTENT OR MISTAKE OF LAW**

The United States moves this Court for an *in limine* order prohibiting defendant Thomas Farmer from introducing at trial any evidence or argument that he did not intend to violate antitrust laws or restrain trade, as well as any evidence or argument that he was ignorant or mistaken about the requirements of Section 1 of the Sherman Act, 15 U.S.C. § 1. Such evidence is irrelevant to any fact of consequence and should be excluded under Federal Rule of Evidence 402.

For the convenience of the Court, a proposed order is attached. Because the issues raised in this Motion are very similar to those raised in the same motion *in limine* filed by the United States in the case against the defendant's co-conspirator, Frank Peake, the proposed Order follows the Order issued by this Court in the *Peake* case. *See United States v. Peake,* No. 03:11-cr-00512 (DRD), Dkt. 127 (Jan. 4, 2013).[1]

---

[1] On April 9, 2014, undersigned counsel sent an e-mail to defense counsel asking for his position on this motion by the end of the following day, but did not receive a response.

**ARGUMENT**

I.  **Evidence or Argument That Defendant Lacked the Specific Intent to Restrain Trade Is Irrelevant in a *Per Se* Sherman Act Case**

In this case, defendant is charged with conspiring to suppress and eliminate competition by fixing rates and surcharges for Puerto Rico freight services. This is a classic *per se* price-fixing violation. The law is well settled that in a criminal prosecution of Section 1 of the Sherman Act, the government need not prove specific intent to disobey the law or to restrain trade or commerce. *United States v. Nippon Paper Indus.*, 109 F.3d 1, 7 (1st Cir. 1997) ("[D]efendants can be convicted of participation in price-fixing conspiracies without any demonstration of a specific criminal intent to violate the antitrust laws.") (citing cases from the Third, Fourth, and Ninth Circuit Courts of Appeal); *United States v. Koppers Co.*, 652 F.2d 290, 296 n.6 (2d Cir. 1981) ("Where *per se* conduct is found, a finding of intent to conspire to commit the offense is sufficient; a requirement that intent go further and envision actual anti-competitive results would reopen the very questions of reasonableness which the *per se* rule is designed to avoid."). From a *mens rea* standpoint, all that is required is the intent to enter into an agreement or understanding to fix or stabilize prices. *United States v. Gillen,* 599 F.2d 541, 545 (3d Cir. 1979) ("[I]n price-fixing conspiracies, where the conduct is illegal *per se*, no inquiry has to be made on the issue of intent beyond proof that one joined or formed the conspiracy."); *see also United States v. Coop. Theatres of Ohio,* 845 F.2d 1367, 1373 (6th Cir. 1988) (to prove a *per se* violation of the Sherman Act, the government need only prove "(1) the existence of the alleged conspiracy and (2) that [the defendant] knowingly entered into the conspiracy."). Here, as in all criminal antitrust cases, the government need prove only that defendant knowingly entered into the charged agreement, and thus evidence that defendant did not intend to violate antitrust laws or produce anticompetitive results is irrelevant.

## II. Evidence or Argument That Defendant Was Ignorant or Mistaken about the Requirements of the Sherman Act Is Irrelevant

Courts have long recognized the general rule that ignorance or mistake of law is no defense. *E.g.*, *Cheek v. United States*, 498 U.S. 192, 199 (1991) ("The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system."); *United States v. Aguilar*, 883 F.2d 662, 673 (9th Cir. 1989) ("It is axiomatic that ignorance or mistake of law is no defense."), *superseded by statute on other grounds*. The limited exceptions to this general rule do not apply here. *See*, *e.g.*, *Cheek,* 498 U.S. at 199-200 (explaining the development of an exception for criminal tax offenses due to the complexity of tax laws). Thus, any evidence that defendant was unaware of antitrust laws or did not know that what he was doing was illegal would not be relevant to a valid defense. The only knowledge required is "of the facts that make the defendant's conduct illegal." *Staples v. United States*, 511 U.S. 600, 622 n.3 (1994).

## III. Evidence That Is Irrelevant to a Valid Defense or to the Charged Offense Should Be Excluded under Rule 402

A defendant's right to present evidence in a criminal trial is not absolute. *Perry v. Rushen*, 713 F.2d 1447, 1450 (9th Cir. 1983). A defendant must yield to "established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* (citing *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)). Evidence is relevant if "it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is insufficient as a matter of law to establish a defense should be excluded. *See* Fed. R. Evid. 402; *United States v. de Cruz*, 82 F.3d 856, 867 (9th Cir. 1996) (excluding evidence which established the defendant did not

know her conduct violated federal law because it was a "classic mistake or ignorance of law argument").

Here, evidence or argument offered by defendant that he lacked the intent to restrain trade or that he did not know his conduct was illegal does not make any fact of consequence more or less likely. It does not tend to prove a legally valid defense, nor does it help establish or negate any element of the charged offense. Therefore, such evidence does not meet the threshold requirement of relevancy and should be excluded under Rules 401 and 402. Moreover, the introduction of such evidence in a *per se* price-fixing case would only confuse the relevant issues and potentially cause the jury to decide the case based on extraneous, irrelevant matters. *See* Fed. R. Evid. 403.

## **CONCLUSION**

For the foregoing reasons, the government moves for an order prohibiting defendant from introducing at trial any evidence and argument that defendant did not know that his conduct was illegal or that he did not intend to restrain trade.

DATED: April 10, 2014            Respectfully submitted,

                                  /s/ Jon B. Jacobs
                                 Craig Y. Lee, PR Attorney #G01208
                                 Jon B. Jacobs, PR Attorney #G01508
                                 Trial Attorneys
                                 U.S. Department of Justice
                                 Antitrust Division
                                 450 5th St., NW Suite 11300
                                 Washington, DC 20530
                                 Tel: (202) 514-5012
                                 Fax: (202) 514-6525
                                 Email: jon.jacobs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2014, a true and correct copy of the foregoing "UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING LACK OF SPECIFIC INTENT OR MISTAKE OF LAW" was filed electronically and to the best of my knowledge, information and belief, counsel for defendant will be notified through the Electronic Case Filing System.

       /s/ Jon B. Jacobs
Jon B. Jacobs, PR Attorney #G01508
Trial Attorney
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 11300
Washington, D.C. 20530
Tel.: (202) 514-5012
Fax: (202) 514-6525
Email: jon.jacobs@usdoj.gov