**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**THOMAS FARMER,**<br>Defendant. | Criminal Case No.  3:13-cr-00162-DRD |

### Reply Brief in Support of Defendant's *Brady* Motion Based Upon the Government's April 16, 2014 Side Letter Not Provided to the Court

Defendant Farmer respectfully submits this Reply Brief (Docket No. 97) in support of his pending *Brady* motion (Docket No. 81), and asks for leave to file it.  Approximately an hour after the Government filed its *Brady* Response Brief in this Court, the prosecution sent a side letter to defense counsel disclosing that the Antitrust Division responded to inquiries by the Justice Department's Civil Division on two occasions in 2013 informing the Civil Division that it had insufficient evidence of antitrust collusion by Crowley to justify the qui tam action then pending in the Middle of Florida.  On June 10, 2013 the Antitrust Division told the inquiring Civil Division that it:

> did not have any evidence that Crowley colluded with its competitors to fix the prices bid for government contracts, but that collusion between the competitors targeting bunker fuel charges might have affected Crowley's government contracts.

Exhibit 1.

On November 12, 2013, the Civil Division informed the Antitrust Division that it lacked evidence about Crowley collusion with competitors, and asked the Antitrust Division:

if it is was aware of any new evidence that Crowley colluded with its competitors on government contracts. [To which the Antitrust Division answered in the negative]

*Id.*

That is not the legal position taken by the Government, however, in its *Brady* Response Brief filed an hour earlier.   In that brief, the Government takes the position—directly contrary to the Justice Department's own *Brady* Guidelines requiring disclosure of qui tam *Brady* material, which Guidelines were quoted by Defendant but ignored in the Government's Brief—that the Government's *qui tam* lawsuit did not constitute *Brady* information because the Civil Division was not part of the same "team."

Leaving aside the Civil Division's reliance upon the criminal attorneys of the Antitrust Division to mount evidence for the qui tam action (and without waiving any claim as to the improprieties that may lie therein), the Antitrust Division has now admitted that it repeatedly provided material, exculpatory information to the Civil Division in 2013 about Crowley while this Indictment was pending, and made no similar disclosure to the defense.  While this inter-Division cooperation about the sufficiency of the evidence each other possessed was a team effort, the Antitrust Division claims its disclosure responsibility was not a team obligation.

On April 30, 2013, the Government filed a public listing of the entities it claimed as victims of the offense in this case, and it included numerous government agencies, including the Justice Department and the Agriculture Department. (Docket Entry  28, April 30, 2013).  Now, it discloses –claiming its disclosure to be a mere "courtesy" to the defendant (Exhibit 1, at 2)—that it told the Civil Division twice last year that it had insufficient evidence of Crowley collusion to warrant prosecution of a civil case by a preponderance of the evidence.

Also missing from the Antitrust Division's 2013 guidance to the Civil Division is the gossamer claim made in this case that, beyond a reasonable doubt, Crowley is somehow culpable for the cargo shipped by the two (Florida 50/50) vessel companies.   After all, the recently disclosed settlement of the *qui tam* action was between the Government and these two 50/50 vessel companies for $3.4 million but the Government formally declined to pursue Crowley in that case, and we now know it was for lack of evidence by both the Antitrust Division and the Civil Division.

None of this was disclosed to this Court in the Government's brief in opposition to defendant's *Brady* motion, other than a cryptic sentence stating: "The Antitrust Division is, however, making a separate disclosure of certain information relating to these issues to the defendant."  Brief, at 10.

How the Antitrust Division can ask the Civil Division to rely upon its judgment that the evidence in its own possession is insufficient to support a civil claim against Crowley, but nonetheless consider this recommendation non-exculpatory for *Brady* purposes in this case, is staggering.   This isn't a question of picking teams, but rather of complying with the Constitution.  It is clear that the Government has failed its *Brady* obligations, making it incumbent upon this Court to step in and make sure the Constitution's promises are kept in this Court.

The Government 's brief, as opposed to its side letter, offers a number of other justifications for avoiding compliance with *Brady*.   The Government contends that it does not have to review its files for *Brady* information when they are voluminous, but it did so for the Civil Division and concluded that there is no evidence in its mountain of documents of Crowley

3

collusion with respect to the Government.   The fact that the Antitrust Division cannot locate evidence of Crowley collusion in its own records is unquestionably exculpatory under *Brady*, and its determination that it could find no incriminating evidence therein obviously has given the Government a new motive not to review its own records for *Brady* information.   But that is no excuse for turning a blind eye to *Brady*.

For the foregoing reasons, this Court should grant defendant's *Brady* motion, and direct the Government to produce responsive documents and information as requested in the Defendant's motion.

Dated: April 16, 2014

By*: /s/*  Terrance G. Reed
By: /s/  V. Thomas Lankford
Terrance G. Reed (Pro Hac Vice)
Thomas Lankford (Pro Hac Vice)
Lankford & Reed, PLLC
120 N. St. Asaph Street
Alexandria, VA  22314
(Phone) 703-299-5000
(Facsimile) 703-299-8876
tgreed@lrfirm.net
vtlankford@lrfirm.net
By: /s/  Mark Rosenblum
Mark Rosenblum (Pro Hac Vice)
Mark Rosenblum, P.A.
1300 Riverplace Boulevard, Suite 601
Jacksonville, FL 32207
(Phone) 904-396-6100
(Facsimile) 904-346-4481
mark@markrosenblumlaw.com

By: /s/  Joseph C. Laws
Joseph C. Laws (USDC-PR Bar No. 120306)
239 Arterial Hostos Avenue, Suite 402
San Juan, PR 00918
(Phone) 787-754-7777
(Facsimile) 787-763-5223
lawofficesofjosephlaws@gmail.com

*Counsel for Defendant Thomas Farmer*

## CERTIFICATE OF SERVICE

I hereby certify on the 16th day of April, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig Y. Lee, PR Attorney #G01208
Jon B. Jacobs, PR Attorney #G01508
Trial Attorneys
U.S. Department of Justice
Antitrust Division
National Criminal Enforcement Section
450 5th St., NW Suite 11300
Washington, DC 20530
Tel: (202) 307-6694
Fax: (202) 514-6525
Email: jon.jacobs@usdoj.gov

By: /s/ Terrance G. Reed (Pro Hac Vice)
LANKFORD & REED, PLLC
120 N. St. Asaph Street
Alexandria, VA  22314
(Phone) 703-299-5000
(Facsimile) 703-299-8876
tgreed@lrfirm.net