**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff, | |
| v. | Criminal No. 03:13-cr-00162 (DRD) |
| **THOMAS FARMER,**<br>Defendant. | |

**UNITED STATES' OPPOSITION TO DEFENDANT
FARMER'S MOTION FOR CONTINUANCE**

Defendant Farmer's Motion for Continuance should be denied.  (Dkt. 95).  Defendant has provided no legal authority or justifiable reason to continue this trial from a date that was set nearly a year ago.  Further, defendant has no basis for the extraordinary relief he seeks in the alternative.

Defendant has been aware of the May 19, 2014 trial date since the first status conference on May 15, 2013.  (Dkt. 36).  Shortly following the indictment on March 21, 2013, the United States provided defendant with extensive discovery and several guides to navigate him through that discovery, including: a comprehensive discovery log, all interview memoranda associated with the investigation of Puerto Rico freight services, and all grand jury transcripts of witnesses testifying to defendant Farmer's involvement in the charged conspiracy.  On March 28, 2014, the United States provided defendant with a list of its preliminary trial exhibits and a CD containing PDF files of those exhibits, of which, a significant portion were identified and provided separately to defendant before indictment.  (Dkt. 79).

The May 19, 2014 trial date is approximately 14 months after indictment, 13 months after the majority of the discovery was provided to defendant, and 12 months after the date was scheduled at the first status conference on May 15, 2013.  Defendant has had more than ample

time to prepare for trial.  By comparison, Frank Peake, defendant Farmer's co-conspirator, had nearly the same amount of time to prepare for his trial which started on January 14, 2013, approximately 14 months after his indictment on November 27, 2011.  Further, defendant Farmer benefitted from having his counsel attend the entire trial of a co-conspirator charged with the same conspiracy.  Now, six weeks before trial, defendant Farmer moves for a continuance without providing any reasonable justification.

## ARGUMENT

### I.   Defendant's Motion for Continuance Lacks Legal Support

The First Circuit reviews a district court's denial of a continuance for abuse of discretion. *United States v. Rosario-Otero*, 731 F.3d 14, 18 (1st Cir. 2013).  The relevant factors for courts to consider when faced with a motion for continuance include "the reasons contemporaneously presented in support of the request, the amount of time needed for effective preparation, the complexity of the case, the extent of inconvenience to others if a continuance is granted, and the likelihood of injustice or unfair prejudice attributable to the denial of the continuance." *United States v. Williams,* 630 F.3d 44, 48 (1st Cir. 2010) (citations omitted).  The First Circuit further stated that it is essential that prejudice from the ruling be identified. *See id.*

Notably, defendant ignores the relevant factors put forth by the First Circuit and attempts to support a continuance based on unavailing reasons that fail to establish any showing of prejudice.

### II.   Defendant Has Failed to Justify a Continuance

#### a.   The United States Has Fully Complied with this Court's Order to Provide a Preliminary Exhibit List and to Designate Evidence

On January 27, 2014, defendant filed a motion to "order the Government to produce to the defense what it previously provided pretrial to the Peake defense, that is, 'a set of documents

containing the universe of potential trial exhibits known to the United States at that time and a preliminary trial exhibit list.'" (Dkt. 57, at 2). On March 25, 2014, United States Magistrate Judge Marcos E. López granted defendant's motion. (Dkt. 73). On March 28, 2014, the United States provided defendant with a preliminary trial exhibit list of 158 exhibits and a CD containing PDF copies of those exhibits. The United States fully complied with the Court order by providing defendant exactly what defendant requested. In his motion, defendant explicitly asked the United States to provide a *preliminary* trial exhibit list like the government provided in *United States v. Peake*. ("[T]his Court should order the Government to produce to the defense what it previously provided pretrial to the Peake defense.") (Dkt. 57, at 2). As it did in *Peake*, the United States may supplement its preliminary trial exhibit list as it prepares for trial. Providing a final exhibit list to defendant weeks before trial is contrary to the Court order, local practice, and all practical measures as it would require the United States to stop preparation several weeks in advance of trial and foreclose the possibility of adding evidence to address arguments that have yet to be presented.

Additionally, on March 25, 2014, during a status conference, the Court ordered that the United States review Federal Rule of Criminal Procedure 12(b)(4) and *United States v. de la Cruz-Paulino*, 61 F.3d 986 (1st Cir. 1995), before designating its evidence in order to provide defendant an opportunity to file any motions to suppress. (Dkt. 75). In *de la Cruz-Paulino*, the First Circuit stated that Rule 12(b)(4)(B) provides "a mechanism for insuring that a defendant knows of the government's intention to use evidence to which the defendant may want to object so that the defendant may avoid the necessity of moving to suppress evidence which the government does not intend to use." *Id.* at 993-94 (citations omitted). The First Circuit noted

that Rule 12(b)(4)(B) is "designed to aid defendants in fulfilling their Rule 12(b)(3) obligation to make suppression motions prior to trial." *Id*. at 994.

On March 28, 2014, the United States complied with the Court's order and designated the 158 exhibits on its preliminary trial exhibit list provided to defendant. (Dkt. 79). The preliminary trial exhibit list indicates, where applicable, whether the exhibit was produced by grand jury subpoena or obtained via search warrant. Accordingly, with the preliminary trial exhibit list, as well as all the disclosures previously made in this case, defendant can effectively bring any motions to suppress in advance of trial. *See United States v. Ishak*, 277 F.R.D. 156, 158 (E.D.Va. 2011) ("The Government's obligation under Rule 12(b)(4)(B) ends when it has made disclosures that sufficiently allow the defendants to make informed decisions whether to file one or more motions to suppress."). As a clear indication that defendant has notice of the government's use of evidence that defendant may want to suppress, defendant stated in his motion to continue that he was already preparing to file a motion to suppress documents from at least one of the search warrants.[1] (Dkt. 95).

Defendant cites no authority that the government must provide a final trial exhibit list weeks in advance of trial to meet its obligations under Rule 12. In fact, the First Circuit and other courts hold otherwise. In *de la Cruz-Paulino*, the First Circuit noted that Rule 12(b)(4)(B) was not designed "to give defendant's notice of the government's trial strategy" or "to alert defendants to the strengths and weakness of the government's case against them". 61 F.3d at 994. *See also United States v. Ishak*, 277 F.R.D. 156, 159 (E.D.Va. 2011) (Rule 12(b)(4)(B) "does not require the government to disclose its exhibit and witness list" before trial); *United*

---

[1] Only two of the search warrants executed in connection with this investigation relate to defendant's previous employer. Defendant, however, may be barred from suppressing evidence from even those warrants because of lack of standing to challenge the search of a corporate office. *See generally United States v. SDI Future Health, Inc*., 568 F.3d 684 (9th Cir. 2009).

*States v. Osberger*, 2009 WL 529210, at *3 (D.Neb. Mar. 2, 2009) (Rule 12(b)(4)(B) does not entitle defendant to have the government outline its case.).  Accordingly, the United States is not obligated to provide a final trial exhibit list at this stage.  *United States v. El–Silimy,* 228 F.R.D. 52, 57 (D.Me.2005) (defendant cannot use Rule 12(b)(4)(B) "to force the government to decide precisely which documents provided in discovery it will offer at trial and to prevent it from using any that it does not so designate as a matter of trial tactics.").

  **b.  Defendant's Desire to File a Motion to Suppress Does Not Affect the Current Trial Date**

  Defendant has had more than sufficient notice that documents obtained from the search of Crowley offices would be potentially featured in the trial.  Other than the reasonable inference that corporate documents related to pricing and sales of transactions affected by the conspiracy would be evidence in a price-fixing conspiracy case, on February 26, 2013, the government provided copies of 65 documents previously shown to defendant and counsel during a reverse proffer.  The preliminary trial exhibit list included 53 of those documents and some of them were obtained from the search of Crowley offices.  Defendant has had notice of the government's intended use of documents obtained from the Crowley search warrant for over a year and could have moved to suppress the evidence at any time.  The potential filing of a motion to suppress at this time has no bearing on whether the Court should continue the trial.  The Court has sufficient time to consider the motion and, even if an evidentiary hearing is necessary, the Court can hold the hearing days before trial, as it did with the suppression hearing in *Peake*.

  **c.  Defendant's Arguments Directed Toward the Government's Preliminary Trial Exhibits Are Baseless and Lend No Support to a Continuance**

  Remarkably, defendant complains that the documents identified on the government's preliminary trial exhibit list are both too few ("only two of the 158 exhibits relate to bunker

fuel") and too many ("exhibits relate to numerous transactions involving more than fifty companies over a three year period from 2005 to 2008").  (Dkt. 95, at 4).  Both of these arguments are unavailing.  Defendant cites no authority that the quantity of evidence should be a determining factor as to whether the Court should continue the trial.  Whether defendant believes the government has a sufficient quantity of documents to prove a means and method of a price-fixing conspiracy is not relevant to his motion to continue.

Similarly, defendant's complaint that the preliminary trial exhibit list identifies too many transactions affected by the price-fixing conspiracy does not justify a continuance.  Counsel for defendant attended the entire trial of defendant's co-conspirator Frank Peake where numerous customers and transactions were featured.  There, the United States called two victim witnesses and four additional witnesses over the course of a week and a half of testimony.  Although the United States has not yet finalized its trial preparation, as the United States represented during the March 25, 2014 status hearing, the government foresees that its case-in-chief against defendant Farmer will be similar in duration to the case it presented in *Peake*, lasting about a week and a half.

### III. Defendant Is Not Entitled to the Extraordinary Relief Sought in the Alternative

Defendant argues, in the alternative, the Court impose four "common sense steps" should the Court deny the motion to continue.  (Dkt. 95).  The proposed extraordinary relief involves anything but common sense.  First, defendant asks the Court to prohibit the United States from supplementing its preliminary trial exhibit list.  As described above, defendant explicitly asked the Court to order the government to produce "a set of documents containing the universe of *potential* trial exhibits *known to the United States at that time* and a *preliminary* trial exhibit list."  (Dkt. 57) (emphasis added).  This description acknowledges the possibility that not all

exhibits would be known to the government at the time of providing the exhibit list and reflects the intent to permit the government to supplement its preliminary trial exhibits as it continues to prepare for trial.

Second, defendant asks the government to identify its trial witnesses 30 days before trial. Defendant is not entitled to an advance witness list regardless of whether trial takes place in May or is continued several months later. Defendant cites no authority in support of the request and, as the Court noted in the March 25, 2014 status hearing, providing an advance witness list is contrary to local practice outside of death penalty cases.

Third, defendant asks that the government be precluded from filing any motions in limine based on his misguided belief that the deadline for such motions has passed. During the status conference held on May 15, 2013, the Court ordered that the deadline for "filing of *dispositive* motions [is] set for February 17, 2014." (Dkt. 36) (emphasis added). Motions in limine are not dispositive motions. The government's motions in limine have already been filed, are timely, and are left to the Court's discretion of when to address.

Finally, defendant's request that the evidence at trial be restricted to the statute of limitations period belies well-established conspiracy law.[2] (Dkt. 95). The First Circuit is clear that a defendant is accountable for conspiratorial acts done by others and even those acts that predate his period of involvement. *See United States v. Cintolo*, 818 F.2d 980, 998 (1st Cir. 1987) ("once having entered into a common scheme with the other conspirators, [the defendant] is bound by all acts committed by them in furtherance thereof, including those acts committed

---

[2] Defendant's proposal to restrict evidence to "the limitations period" which he defines as "from March 21, 2008 until March 21, 2013" hardly merits any response. (Dkt. 95, at 7). By defendant's logic, the jury could only hear evidence from the one month that the charging period and the statute of limitations period overlapped, yet be permitted to consider evidence during the five years after the conspiracy ended.

without his knowledge before he joined the conspiracy"). Defendant's untenable position that evidence that falls *within* the charging period should be excluded because of the statute of limitations flies in the face of legal precedent.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Continuance or, in the Alternative, for Pretrial Relief should be denied. (Dkt. 95).

DATED: April 21, 2014                    Respectfully submitted,

                                          /s/ Craig Y. Lee
                                        Craig Y. Lee, PR Attorney #G01208
                                        Jon B. Jacobs, PR Attorney #G01508
                                        Trial Attorneys
                                        U.S. Department of Justice
                                        Antitrust Division
                                        450 5th St., NW Suite 11300
                                        Washington, DC 20530
                                        Tel: (202) 307-1044
                                        Fax: (202) 514-6525
                                        Email: craig.lee@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2014, a true and correct copy of the foregoing

OPPOSITION TO DEFENDANT'S MOTION FOR CONTINUANCE was filed electronically

and to the best of my knowledge, information and belief, counsel for defendant will be notified

through the Electronic Case Filing System.

 /s/ Craig Y. Lee
Craig Y. Lee, PR Attorney #G01208
Trial Attorney
U.S. Department of Justice
Antitrust Division
450 5th St., NW Suite 11300
Washington, DC 20530
Tel: (202) 307-1044
Fax: (202) 514-6525
Email: craig.lee@usdoj.gov