# Exhibit 1

## Declaration

I, Matthew L'Etoile, do state upon my personal knowledge, the following:

1. I am a paralegal working for the law firm of Lankford & Reed, PLLC, and I am 26 years old;

2. I have responsibilities for the handling and maintenance of documents and data (hereinafter "government data") produced by the government in United States v. Farmer, Case No. 3:13-cr-00162-DRD (the "Farmer" case).

3. As part of my responsibilities, I have undertaken to organize the review of the government data produced in the Farmer case.

4. In April 2014, I made two trips to the Department of Justice Antitrust Division to review and recover unreadable, illegible, or missing documents related to the Farmer case. I was accompanied by two other paralegals. The Antitrust Division did not allow us to copy any of the originals other than to take photographs with our phones which were subject to inspection by the government and could not be transmitted, requiring us to put our cellphones on airplane mode to prevent transmission of photographs.

5. In general, the material I reviewed at the Antitrust Divison falls into two categories: (i) journal or diary entries and related documents attributed to Glova; and (ii) numerous handwritten journals kept by Baci covering the period from 2002 until April 2008. The reviewed documents included all journals, notebooks, calendars, and diaries that were identified as belonging to Gregory Glova and Peter Baci. The material I reviewed included previously bound notebooks identified as coming from Peter Baci, and diaries, calendars and notebooks identified as coming from Gregory Glova. The majority of this

material contained handwritten notations on lined pages. The identification of the this material as coming from either Mr. Baci or Mr. Glova was based in part upon the Government's production log which specified that material within certain Bates-number ranges came from Glova's office or Baci's office. I was also told, by a paralegal of the Justice Department, that the government was producing for inspection approximately sixteen journals authored by Peter Baci.

6. Upon inspection of the original documents, I discovered that most of the pages in the original journals, notebooks, calendars, and diaries had been removed from their bindings, including spiral binding, either by tearing them out or cutting them from their binding with a sharp instrument such as a razor. Prior to seeing these original at the offices of the Antitrust Division, I was unaware, and my law firm was unaware, that the originals had been altered by the removal of the original pages from their original binding. During my discussions to schedule the review of these documents, no one from the Antitrust Division told me that the originals had been altered in this manner.

7. Based upon my inspection, I could see that most of the loose pages had been sliced and detached from their original binders. Attached are photographs taken by me of examples I encountered at the Antitrust Division's offices.

8. Upon reviewing the original material, it was clear that this material now is missing entire periods of time (*e.g.*, the months of May 2006 and November 2006) during the alleged conspiracy. Additionally, there were only two day planners (October 2007 and December 2007) for the year of 2007.

9. In comparing the photographs of original day planners to the Bates-stamped day planners provided to us by the Government, I noticed instances where the Bates-stamped produced pages were not in the same consecutive pages order as the original pages were.

10. Many but perhaps not all of the physically removed pages were placed back inside the original covers of the journals, notebooks, calendars, and diaries, and held together with metal binder clips.

11. Upon my inspection, it was obvious that the cut out pages were not the complete set of original pages, and those original pages still present were not in the same chronological or consecutive order that the documents had been in their original format. For example, the calendared material (*i.e.*, daily journals, calendars) contained gaps in which entire periods, including months, were missing. Further, the cut and re-assembled notebooks included daily entries describing events (*i.e.*, meetings) that were not in consecutive or chronological order. Government trial Exhibit 63 describes a Glova meeting bearing a date of August 13, 2007, but it comes after pages for subsequent meetings in which Glova appears to have participated. Similarly, the pages for calendar dates would not follow the calendar by, for example, having later dates appearing before earlier dates. In addition, I have noticed that a sequence of Glova diary pages, as consecutively Bates-stamped, for the dates March 27th and 28th of 2006, reveal that the first page for March 28th is a just a photograph.

12. I examined the loose material detached from their binding and now combined by means of a binder clip, and found pages of printed material placed within the clipped material.

13. The documents at issue (*i.e.*, journals, calendars, notebooks) have been identified by the Government as coming from the desk or office of Glova at Horizon or from Baci at Sea

Star. The documents at issue bear Bates-stamp identifiers indicating that they came from Horizon, Sea Star, Glova or Baci. The majority of the remaining pages from the original bound material appear to be handwritten by either Glova or Baci.

14. From the Government document production, it is clear that Baci and Glova became government cooperators in 2008, and that the Government interviewed Glova and Baci on multiple occasions over numerous days during the five years of investigation preceding the indictment in this case. The interview memoranda and reports of the government agents attending these interviews confirm that over these years both cooperators had access to, and reviewed, their personal journals and diaries before and during these interviews. In all of this interview material, however, there is no government inquiry into, or discussion of, the fact that thousands of pages of these cooperator's personal, handwritten, documents have been removed from their original binding material, re-assembled in a different format, and spoliated.

15. I compared the clipped material with the copies of Bates-stamped pages that the Government had previously produced. While the Bates numbers are sequential, I noticed that the looseleaf pages that were now clipped were not in chronological or consecutive order.

16. In a production dated April 30, 2013, the Government provided the defense with discovery relating to William Stallings (*e.g.*, his 17 tapes made for the government and numerous interview reports). This Stallings material was identified by the prosecution as being produced pursuant to its *Brady* and Rule 16 obligations.

17. Almost half of the numerous witness interviews (including the interviews of all defendants who have pled) produced by the Government to the defense were conducted by agents from outside of the Justice Department, including agents from the Defense Department, the Agriculture Department, and the Transportation Department.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 4, 2014

_____

Matthew L'Etoile







R9P89X
800-331-1200

Nimcov. LLos
1-866-850-6140

= $4400/wk
+ 8% USVI
+ 500
------
$4900

Denise @ portmanatee.com

- Palmetto & Charlotte, NC
  NB

- 856-429-9911
  Joys

- Dave M.

- Bob G. -

Audit: 2188
2377

<u>CCS</u> — contractual exceptions
 — write-off procedures
 — NB opportunity

<u>Inland Depot</u> — unreconciled asset inventory
 — silo impact: EC, M+R Intermodal
 — report due in 10 days --

---

Colgate-Palmolive:

---

<u>Unilever</u> :: Booking Systems etc
 :: NB Numbers -- very good
 : SB rate ex Palmetto
 : NB rate ~~53's~~ 48's

# 27
**Monday**
**March 2006**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |   |

✓ Completed  × Deleted
→ Forwarded  G ⌀ Delegated  • In Process

↓ ABC   **Prioritized Daily Task List**

✓ A  K Gill MTG
  A  Send Claims
✓ (A) ##### SSta Cntract
✓ (A) Prep for YRC + Peter
  A  Peter MTG
  A  Weekly #

~~A Expense~~

~~v Tdk?y~~

**Daily Tracker**
Track expenses, e-mail, voice mail, or other information.

**Appointment Schedule**

7:30 — Kevin Gill
8:30 ↑ Peter ~~###~~ Cnf Call
       ↓
9:30 ↑ Calls
       ↓
     ↑ #'s
10   ↓

11

12

1

     ↑ HR Call
2    ↓

     ↑ ########
3    • SSta Cntract
     • YRC Review
       ↓
     ↑ ########
4    • YRC w/ AC
       ↓
5
6
7
8

© FranklinCovey. All Rights Reserved. • franklincovey.com • Compass-Classic

HOR035_000436

_Mark D of Fidelity_

✓ (1) PAS Acc # – Blank
✓ (2) Household Frm – Just for PAS Acct
✓ (3) Rollover Check → INST Drop off w/ PAS Applic
✓ (4) Sell Stocks in PAS Accts to Liq to Cash

© FranklinCovey. All Rights Reserved. • franklincovey.com • Compass-Classic

HOR035_000437

# 28
Tuesday
March 2006

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |   |

✓ Completed    ✗ Deleted    • In Process
→ Forwarded    G Ⓓ Delegated

↓ ABC    **Prioritized Daily Task List**

- ✓ A Haines Mtg
  - ↳ KRAFT proposal
- ✓ A Kimberly Clarke to Thomas
  - ~~Fidelity~~
  - ~~Fidelity~~
- Ⓐ YRC Call c 1140m
- → Ⓐ Send 55th Contracts
- → Ⓐ Send Reefer Fract by State
- ✓ A Crowley
  - ↳ ACH Foods
  - ↳ Cargill
  - ↳ Engineered Products
- ✓ P ~~Fidelity — Hand in PA~~
- ✓ P ~~Buy Bell Cinptr~~
- ✓ P ~~Sell IRA Stocks~~
- ✓ P ~~Call Durazo~~

**Daily Tracker**
Track expenses, e-mail, voice mail, or other information.

**Appointment Schedule**

- 8 — ~~Prop~~
- 9 — Peter YRC Prop
- 10
- 11 — Peter + YRC / Sign 55th Contract
- 12
- 1 — Fidelity
- 2
- 3
- 4 — Peter + YRC
- 5
- 6
- 7
- 8

© FranklinCovey. All Rights Reserved. • franklincovey.com • Compass-Classic

HOR035_000438

There is no difficulty that enough love will not conquer;
no disease that enough love will not heal;
no door that enough love will not open.
—Emmet Fox

# 28
Tuesday
March 2006

**Daily Notes**   87th Day  278 Left  Week 13

↓107, Pueblo
↳ 45 Reefers
↑WM, Sams, Costco

$100

Soy M/
Waffles
Syrup
Wheat Bread
Pretzels

© FranklinCovey. All Rights Reserved. • franklincovey.com • Compass-Classic

HOR035_000439