**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**
Plaintiff,

v.                                              Criminal Case No.  3:13-cr-00162-DRD

**THOMAS FARMER,**
Defendant.

**MOTION *IN LIMINE* TO BAR ADMISSION OF CORPORATE AND OTHER PLEAS**

Defendant Thomas Farmer files this motion *in limine* for an Order precluding the
Government from (a) admitting the plea agreements of its testifying witnesses for improper
purposes, and (b) admitting the plea agreements of non-testifying parties, including the
corporations (Crowley, Horizon, and Sea Star).  This Court has previously ruled that the former
(witness pleas) are admissible (Order, Docket No. 122), and therefore this aspect of this motion
is in the nature of a motion for reconsideration.  This Court has not addressed the admissibility of
non-witness pleas, and therefore Defendant moves for the exclusion of these pleas in the first
instance.  Finally, the Defendant moves this Court to provide a cautionary instruction whenever a
plea is addressed so as to prevent the jury from simply using the plea to establish the alleged
guilt of the defendant.

This motion is made pursuant to Rules 401, 403, 608, 609, and 802 of the Federal Rules
of Evidence, as well as the Due Process Clause and Confrontation Clause of the U.S.
Constitution.  *See, e.g., Bruton v. United States*, 391 U.S. 123, 410 (1968) (Confrontation Clause
prohibits admission of alleged confession implicating defendant); *United States v. Rodriguez-*

*Duran*, 507 F.3d 749,  760-70 (1st Cir. 2007) (citing *Bruton*, Confrontation Clause prohibits

inculpatory statement about defendant's guilt from non-testifying source);  *Bisaccia v. Attorney*

*General of New Jersey*, 623 F.2d 307, 312  (3rd Cir. 1980) (Due Process prohibits improper

evidentiary use of alleged co-conspirators plea).

>    As the *Bisaccia* opinion explained:
>
> 'From the common sense point of view a plea of guilty by an alleged fellow conspirator
> is highly relevant upon the question of the guilt of another alleged conspirator. If A's
> admission that he conspired with B is believed, it is pretty hard to avoid the conclusion
> that B must have conspired with A. This is one of the cases, therefore, where evidence
> logically probative is to be excluded because of some countervailing policy.'
>
> . . . .
>
> The foundation of the countervailing policy is the right of every defendant to stand or fall
> with the proof of the charge made against him, not against somebody else. Acquittal of an
> alleged fellow conspirator is not evidence for a man being tried for conspiracy.  So,
> likewise, conviction of an alleged fellow conspirator after a trial is not admissible as
> against one now being charged. The defendant had a right to have his guilt or innocence
> determined by the evidence presented against him, not by what has happened with regard
> to a criminal prosecution against someone else.
>
> . . . .
>
> Under the circumstances here, the admission of the co-defendant's guilty plea, the failure
> of the trial judge to give cautionary instructions to the jury about this evidence and the
> prosecutor's comments on this evidence so exceeded the tolerable level of ordinary trial
> error as to amount to a denial of constitutional due process.

*Bisaccia*, 623 F.2d at 312-13 (quoting *United States v. Toner*, 173 F.2d 140, 142 (3rd Cir.
1949)).

I.     **Evidence of Witness Plea Agreements is Highly Prejudicial and Should
       Be Limited by the Court to Their Exclusive Proper Purpose of
       Impeachment**

Defendant Farmer, pursuant to the Constitution and the aforementioned Federal Rules of

Evidence, respectfully moves the Court for an order precluding the improper use of witness plea

agreements.  Defendant seeks an order prohibiting the Government from (i) emphasizing such

pleas during trial to encourage the jury improperly to infer Mr. Farmer's guilt; and (ii) referring

to the pleas of non-witnesses.  Mr. Farmer does *not* seek to bar the Government from introducing

the fact that a witness entered into a plea for purposes of blunting potential impeachment on cross-examination—the sole permissible ground for such evidence.  Defendant simply asks that the Government be precluded from prejudicing the jury by bootstrapping the existence of a conspiracy from its own plea agreements and witness questioning.

An alleged co-conspirator's guilty plea or plea agreement cannot be used as substantive evidence of a defendant's guilt. *United States v. Dworken*, 855 F.2d 12, 30-31 (1st Cir. 1988) (holding that it is "impermissible" for the prosecution to suggest to the jury that "the guilty pleas of [alleged co-conspirators are] substantive evidence of the guilt of a defendant charged with similar crimes" (internal quotations omitted));  S-410 Jack B. Weinstein & Margaret Berger, Weinstein's Federal Evidence § 410.08 (2d ed. 2005) ("A witness's guilty plea . . . is hearsay and its use as substantive evidence may constitute reversible error incurable through limiting instructions.").[1]  Rule 802 of the Federal Rules of Evidence prohibits the admission of hearsay, which includes a witness's guilty plea.  *Id.*

---

[1] *Accord*, *United States v. Carson*, 560 F.3d 566. 574 (6th Cir. 2009) ("it is well established that the guilty plea of a co-defendant or co-conspirator is never admissible as substantive evidence of a defendant's guilt."); *United States v. Leach*, 918 F.2d 464, 467 (5th Cir.1990) ("Our precedents have made it abundantly clear that evidence about the conviction of a co-conspirator is not admissible as substantive proof of the guilt of a defendant."); *United States v. Campbell*, 848 F.2d 846, 853 (8th Cir. 1988) ("It is well established in this circuit that evidence of a [government witness's] guilty plea or conviction may not be admitted as substantive evidence of the defendant's guilt."); *United States v. Louis*, 814 F.2d 852, 856 (2d. Cir. 1987)(holding that "it is impermissible for a prosecutor to suggest to a jury that the conviction of a testifying co-conspirator is evidence that [the] defendant on trial is guilty"); *United States v. Austin*, 786 F.2d 986, 991 (10th Cir.1986)(holding that an alleged co-conspirator's "guilty plea may not be used as substantive evidence of a defendant's guilt"); *United States v. Fleetwood*, 528 F.2d 528, 532 (5th Cir.1976) (describing this rule as "so firmly established as to be almost a maxim"); *U.S. v. Alex Janows & Co.*, 2 F.3d 716, 718 (7th Cir. 1993) (on direct examination of accomplice witnesses, the prosecution elicited testimony about a specific project where the witnesses rigged bids with the defendant and followed by asking if the witness had pled guilty to rigging that particular job; the Court of Appeals held that the prosecution improperly had attempted to use the pleas as substantive evidence to bolster its case against the defendant).

In addition to not being admissible as to the defendant's guilt, the Government may not seek to introduce a cooperating witness's plea agreement in a way designed to bolster their testimony.  This is improper.  *See, e.g., United States v. Meises*, 645 F.3d 5, 17 (1st Cir. 2011) (government's attempt to bolster credibility of witnesses before they testify or are subjected to cross-examination is not permissible); *United States v. Eley*, 723 F.2d 1522 (11th Cir. 1984) (prosecutor may not assure jury that witness is believable). These plea agreements (and promises not to prosecute) are relevant only to impeach the witness' credibility and motive to curry favor with the prosecution.

This absolute prohibition on using a co-conspirator's guilty plea or conviction applies at all stages of the trial.  *See*, *e.g.*, *Dworken* 855 F.2d at 30-31 (prohibition applies to the government's opening); *Miranda*, 593 F.2d at 592-93 (prohibition applies to the government's closing); *Fleetwood*, 528 F.2d at 532-34 (prohibition applies to the government's examinations of the cooperating co-conspirators).  Moreover, the prohibition extends to any governmental statements or trial practices that, whether intentionally or inadvertently, might have the effect of implying to the jury that the co-conspirator's plea or conviction constitutes proof of the defendant's guilt.  *See*, *e.g. Dworken*, 855 F.2d at 30-31; *Austin*, 786 F.2d at 991; *Fleetwood*, 528 F.2d at 532-34.

## II.      The Plea Agreements of Non-Testifying Defendants Should Be Excluded

The Government has included in its trial exhibits the plea agreements of individuals and corporations that will not be giving testimony, and hence the limited relevance of those pleas—to impeach the credibility of witness testimony—will not be served by admitting them or by informing the jury of their existence.  Fed. R. Evid. 608; *C. Bard, Inc. v. M3 Systems, Inc*., 1994 WL 270253, *3 (N.D. Ill. June 16, 1994) (Fed. R. Evid. 608 and 609 are limited to prior

convictions of a "witness").  In addition, these plea agreements are pure hearsay that is

excludable as such.  Fed. R. Evid. 803(22) (limiting prosecution use of conviction evidence in

criminal cases to witnesses).   The admission of hearsay evidence implicating a defendant in a

crime from a non-testifying declarant, and which is inculpatory of defendant,  violates the

Confrontation Clause.  *Crawford v. Washington*, 541 U.S. 36 (2004) (Confrontation Clause bars

admission out-of-court testimonial statements against defendant, absent opportunity to cross-

examine); *United States v. Rodriguez-Duran*, 507 F.3d 749, 760-70 (1st Cir. 2007) (citing *Bruton*

and *Crawford*, Confrontation Clause prohibits inculpatory statement about defendant's guilt

from non-testifying source).

Furthermore, the evidence that non-witnesses, including defendant's former employer

Crowley, have pled guilty to what the Government characterizes is the same conspiracy, would

be highly prejudicial to this defendant under Fed. R. Evid. 403.  *See, e.g*., *United States v.*

*Andreas*, 23 F. Supp. 835, 848-49 (N.D. Ill. 1998) (barring reference to antitrust plea of

corporation in prosecution opening), *aff'd on other grounds*, 216 F.3d 65 (7th Cir. 2000); *United*

*States v. Brown*, 913 F. Supp. 1324, 1330 (D. Minn. 1996) (granting new trial to corporate

executive because admission of corporate guilty plea was highly prejudicial).

### III.    If Any Plea Agreement is Admitted, It Should Be Accompanied By a Cautionary Instruction

The First Circuit has consistently required that juries be given cautionary instructions at

the time a witness's plea agreement is introduced in order to tell the jury that; (i) it may not be

used by the jury as substantive evidence of the defendant's guilt[2]; (ii) its use is limited to their

assessment of the credibility of the witness; and (iii) the testimony of alleged accomplices must

---

[2] *United States v. Gonzalez-Gonzalez*, 136 F.3d 6, 11 & n.4 (1st Cir. 1998).

5

be viewed with special care because of their self-interest, and that it should not be credited if not

corroborated. *United States v. Dailey*, 759 F.2d 192, 200 n.8 (1st Cir. 1985).

    The Defendant requests the following cautionary instruction covering each of these

points:

    "You have heard testimony from the government witness who pled guilty. . . .You are
instructed that you are to draw no conclusions or inferences of any kind about the guilt of the
defendant on trial from the fact that a prosecution witness pled guilty to similar charges.  That
witness's decision to plead guilty was a personal decision about his own guilt.  It may not be
used by you in any way as evidence against or unfavorable to the defendant on trial here."[3]

    A witness's "'guilty plea is not evidence against the defendant and you may consider it
only in determining this witness' believability. You should consider this witness' testimony with
great caution, giving it the weight you feel it deserves'".[4]


    "[Y]ou should bear in mind that a witness who has entered into such an agreement has an
interest in this case different than any ordinary witness.  A witness who realizes that they may be
about to obtain hi own freedom, or receive a lighter sentence by giving testimony favorable to
the prosecution has a motive to testify falsely.  Therefore, you must examine his testimony with
caution and weigh it with great care.  If, after scrutinizing his testimony, you decide to accept it,
you may give it whatever weight, if any, you find it deserves."[5]

## Conclusion

    For the foregoing reasons, the Government should be prohibited from using the plea

agreements of its witnesses as substantive evidence or argument upon the defendant's alleged

guilt of conspiracy, the plea agreements of non-witnesses must be excluded from evidence or

---

[3] L. Sand, Modern Federal Jury Instructions, Instruction 7-10.
[4] *United States v. Gonzalez-Gonzalez,* 136 F.3d 6, 11 & n.4 (1st Cir. 1998) (quoting with
approval pattern instruction from the Ninth Circuit).  *See also United States v. Sanders*, 95 F.3d
449, 454 (6th Cir. 1996) (If the evidence is admitted, the district court must instruct the jury
that it may not consider the coconspirator's prior conspiracy conviction as evidence of the
defendant's guilt).

[5] L. Sand, Modern Federal Jury Instructions, Instruction 7-11 (citing *United States v. Gonzalez-
Soberal*, 109 F.3d 64 (1st Cir. 1997); *United States v. Hernandez*, 109 F.3d 13 (1st Cir. 1997)).

argument, and the Court should give the requested cautionary instruction when and if any witness guilty plea is admitted.

Respectfully submitted,

Dated: September 2, 2014

By: */s/*  Terrance G. Reed
Terrance G. Reed (Pro Hac Vice)
V. Thomas Lankford (Pro Hac Vice)
Lankford & Reed, PLLC
120 N. St. Asaph Street
Alexandria, VA  22314
(Phone) 703-299-5000
(Facsimile) 703-299-8876
tgreed@lrfirm.net
vtlankford@lrfirm.net

By: /s/  Mark Rosenblum
Mark Rosenblum (Pro Hac Vice)
Mark Rosenblum, P.A.
1300 Riverplace Boulevard, Suite 601
Jacksonville, FL 32207
(Phone) 904-396-6100
(Facsimile) 904-346-4481
mark@markrosenblumlaw.com

By: /s/  Joseph C. Laws
Joseph C. Laws (USDC-PR Bar No. 120306)
239 Arterial Hostos Avenue, Suite 402
San Juan, PR 00918
(Phone) 787-754-7777
(Facsimile) 787-763-5223
lawofficesofjosephlaws@gmail.com

*Counsel for Defendant Thomas Farmer*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on the 2nd day of September, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig Y. Lee, PR Attorney #G01208
Jon B. Jacobs, PR Attorney #G01508
Trial Attorneys
U.S. Department of Justice
Antitrust Division
National Criminal Enforcement Section
450 5th St., NW Suite 11300
Washington, DC 20530
Tel: (202) 307-6694
Fax: (202) 514-6525
Email: jon.jacobs@usdoj.gov

By: /s/ Terrance G. Reed (Pro Hac Vice)
LANKFORD & REED, PLLC
120 N. St. Asaph Street
Alexandria, VA  22314
(Phone) 703-299-5000
(Facsimile) 703-299-8876
tgreed@lrfirm.net