IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.                                                                             Criminal Case No.  3:13-cr-00162-DRD

**THOMAS FARMER,**
Defendant.

**DEFENDANT'S MOTION TO EXCLUDE PHONE RECORDS
(GOVERNMENT EXHIBIT 134)**

Thomas Farmer, through counsel, files this motion in limine to alert the Court that he objects to the admission of Government Exhibit 134 at trial.  Government Exhibit 134 purports to be the phone records for "Crowley/Rob Grune/Tom Farmer."   This evidence has no relevance to this case under Fed. R. Evid. 401, and is highly predjucial under Fed. R. 403.  In effect, the Government seeks to use evidence that Mr. Farmer communicated with his boss (Mr. Grune) by telephone, as substantive evidence of his guilt of conspiracy, without a shred of evidence as to the contents of any of the phone calls.  This is improper.

**I.      Background**

Government Exhibit 134  on the Government's "Preliminary Trial Exhibit List" only identified as follows:

Exhibit No. 134

Date: [No date given]

Bates/Document Number: DOJ-ATT-0001347-1932

Document Type: Phone records

Document Title: Phone Records for Crowley/Rob Grune/Tom Farmer

Source: Trial Subpoena

The underlying phone records appear to be Crowley phone records from the period of 2004 through April 2008 for Mr. Farmer and his boss Robert Grune.  The records provide no details as to the content of any of the listed calls.   It is believed that the Government intends to introduce these phone records to establish that Mr. Farmer was somehow in conspiracy with Mr. Grune, without any evidence as to the content or purpose of any listed phone call.  For the reasons that follow, the Court should exclude this evidence.

**II.    The Phone Records for Which the Government Will Seek Admission Should be Excluded**

At the time the time the phone calls that resulted in the phone records at issue were initially made (2004), Mr. Farmer was not a subordinate of Mr. Grune's at Crowley, and they were employed in different Divisions and offices of Crowley.   Later, however, Mr. Grune became Mr. Farmer's immediate supervisor at Crowley.   At that time, Mr. Grune held the position of Senior Vice President at Crowley in charge of the Caribbean Division.   Mr. Grune was not indicted, and there has been no allegation or showing by the Government that Mr. Grune was involved in the alleged conspiracy. Nevertheless, it is expected that the  Government will attempt to link Mr. Grune to the conspiracy through phone records, without ever calling him, or any witness with person knowledge of Mr. Grune, as a witness.

The Government will ask the jury to conclude that the phone records show that Grune, because he had some phone communications with Peake or Serra, was involved in the conspiracy.  The Government will then ask the jury to conclude that the phone contact between Grune and Farmer is also evidence that Farmer was involved in the conspiracy, along with his counterparts at Sea Star and Horizon, Peter Baci and Greg Glova. There is no evidence, however, of any phone contact between Peter Baci with Rob Grune, or Greg Glova with Rob Grune.

2

The Court should exclude Exhibit 134 for the following reasons:

The phone records lack relevance. See Fed. R. Evid. 401. Without testimony from Grune, Serra, and Peake or someone with personal knowledge (as required under Fed.R. Evid. 602) establishing that Grune was a member of the alleged conspiracy, the fact that Grune spoke on the phone to Peake, Serra, and Farmer is meaningless, and does not make his alleged participation in the conspiracy more or less probable. Fed. R. Evid. 401.  Significantly, there is no evidence to indicate that Grune ever spoke to Glova or Baci by telephone or otherwise.

The Government may attempt to shoehorn Grune into the conspiracy through testimony of Baci and/or Glova, but the fact is that Baci and Glova have no direct personal knowledge regarding Grune's alleged participation.  Fed. R. Evid. 602 (first hand personal knowledge required).  Anything they might have heard about Grune comes from others, and as such, is double hearsay.

Even if the Court determines that the phone records have some relevance, their prejudicial effect outweighs their probative value. *See* Fed. R. Evid. 403.   For example, given that Mr. Farmer reported to Mr. Grune, the fact and frequency of their phone communications is equally reflective of their day job responsibilities, but the prosecution will attempt to use this frequency to suggest a continuing conspiratorial communication.

The jury will thus be misled by phone records, ascribing to them meanings not justified by the evidence.  For example, Mr. Grune and Mr. Farmer may have been talking about employee morale, or about Mr. Farmer's assigned tasks, but the phone call will be used to suggest a criminal communication instead.  Similarly, Mr. Grune may have called Mr. Peake to talk about their children's youth soccer league game, but instead the fact of this communication will be mischaracterized as conspiring to fix prices.

3

Hearsay is a statement, other than one made by the declarant while testifying at trial, offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Without testimony from Grune, Peake, or Serra that the phone calls between them related to the conspiracy, the phone records at issue are hearsay. Further, Mr. Farmer has no ability to cross-examine phone records, much less records spanning five years, which prejudices his rights under the Confrontation Clause.

Without testimony from Grune, Serra, and Peake, the phone records lack reliability and trustworthiness under the business records exception. "The touchstone of admissibility under the business records exception to the hearsay rule is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence." *United States v. Bueno- Sierra,* 99 F.3d 375, 378 (11th Cir. 1996); *United States v. Jenkins*, 499 F. Supp. 2d 1268, 1283-84 (M.D. Fla. 2007).

In *Petrocelli v. Gallison,* 679 F.2d 286, 291 (1st Cir. 1982), the Court affirmed the district court's exclusion of certain medical records because they lacked corroboration and reliability.

> Given the impossibility of determining from the records themselves whether these reports reflected medical judgments, and the lack of any corroborative evidence or testimony offered by the plaintiffs to assure the court that these were professional opinions, the district court could reasonably determine that the notations were simply too inscrutable to be admitted, bearing in mind that, if admitted under Rule 803(6), they would be admitted for their truth without any opportunity to cross-examine the physicians who made them.

Similarly, in *United States v. Jenkins,* 499 F. Supp. 2d 1268 (M.D. Fla. 2007), the district court granted the defendant a new trial where certain bank records were admitted under the business records exception, over a hearsay objection. The records contained inputted notations used by the government to argue the defendant's fraudulent intent, but the witness called to admit the records was the bank's records custodian, not the bank employee who purportedly spoke to the defendant over the phone and made the notations. In rethinking admissibility and thus

4

granting the new trial, the Court acknowledged that "[p]ermitting this exhibit to be admitted under these circumstances deprived defendant of the key tool in the defense arsenal-the opportunity to cross-examine the source of the evidence being provided to the jury." *Id.* at 1286.

The phone records here, like the medical records in *Petrocelli* and the bank records in *Jenkins*, lack reliability and trustworthiness. While the government will no doubt call a custodian of records who will testify that the phone records are kept in the normal course of business, the records custodian will not be able to testify about the content of the conversations listed in the phone records. And defense counsel will have no opportunity to cross-examine the records custodian about the content because she is just the records custodian. Without Grune, Serra, or Peake to tell the jury what was said during the phone calls, the phone records are hearsay.

**Conclusion**

Government Exhibit 134 should not be admitted into evidence.

Respectfully submitted,

Dated: September 2, 2014

By*: /s/* _Terrance G. Reed_____
Terrance G. Reed (Pro Hac Vice)
V. Thomas Lankford (Pro Hac Vice)
Lankford & Reed, PLLC
120 N. St. Asaph Street
Alexandria, VA  22314
(Phone) 703-299-5000
(Facsimile) 703-299-8876
tgreed@lrfirm.net
vtlankford@lrfirm.net

By: /s/ _Mark Rosenblum_____
Mark Rosenblum (Pro Hac Vice)
Mark Rosenblum, P.A.
1300 Riverplace Boulevard, Suite 601
Jacksonville, FL 32207
(Phone) 904-396-6100

(Facsimile) 904-346-4481
mark@markrosenblumlaw.com

By: /s/ _Joseph C. Laws_____ _
Joseph C. Laws (USDC-PR Bar No. 120306)
239 Arterial Hostos Avenue, Suite 402
San Juan, PR 00918
(Phone) 787-754-7777
(Facsimile) 787-763-5223
lawofficesofjosephlaws@gmail.com

*Counsel for Defendant Thomas Farmer*

**CERTIFICATE OF SERVICE**

      I hereby certify on the 2nd day of September, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig Y. Lee, PR Attorney #G01208
Jon B. Jacobs, PR Attorney #G01508
Trial Attorneys
U.S. Department of Justice
Antitrust Division
National Criminal Enforcement Section
450 5th St., NW Suite 11300
Washington, DC 20530
Tel: (202) 307-6694
Fax: (202) 514-6525
Email: jon.jacobs@usdoj.gov

                                              By: /s/ Terrance G. Reed (Pro Hac Vice)
                                                 LANKFORD & REED, PLLC
                                                 120 N. St. Asaph Street
                                                 Alexandria, VA  22314
                                                 (Phone) 703-299-5000
                                                 (Facsimile) 703-299-8876
                                                 tgreed@lrfirm.net