IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**THOMAS FARMER,**<br>Defendant. | Criminal No. 03:13-cr-00162 (DRD-MEL) |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING ON SPOLIATION AND MOTION FOR LEAVE TO FILE

The United States requests leave to file this short opposition to defendant's supplemental request for an evidentiary hearing regarding his allegations of spoliation. Defendant devoted the majority of his Informative Motion Regarding Scheduling—which the government understood was intended to address third-party AJC, Inc.'s motion to quash defendant's subpoena—to the spoliation issue. (Dkt. 270 at 2-3 & Exhibits 1 & 2). As a result, the United States requests leave to file this opposition. As explained below, defendant's request for a pretrial evidentiary hearing is unsupported and is now also moot.

Defendant still has not explained why his theory of spoliation—that Greg Glova and Peter Baci supposedly destroyed evidence showing that Tom Farmer is innocent, but did not destroy evidence of <u>their</u> <u>own</u> guilt—makes sense. Instead, he argues that the Court should hold an evidentiary hearing because the United States has failed to disprove that spoliation occurred. (Dkt. 270 at 2). But where, as here, the defendant is alleging spoliation, he has the burden of supporting that allegation. *Puerto Rico Tel. Co. v. San Juan Cable LLC*, No. 11-2135 (GAG/BJM), 2013 WL 5533711, at *1 (D.P.R. Oct. 7, 2013) ("The party urging that spoliation has occurred has the burden of showing that evidence was in fact destroyed or not preserved.")

(citing *Gomez v. Stop & Shop Supermarket Co.*, 670 F.3d 395, 399 (1st Cir. 2012)).[1] Defendant's photographs of some of Glova's and Baci's calendars and journals do not prove that Glova or Baci destroyed evidence. (Dkt. 270 Exhs. 1, 2). At most, they show that certain pages were removed from their binding at some point before they were seized by the FBI on April 17, 2008. Defendant makes much of the fact that some of the pages are out of chronological order. But spoliation is the destruction, not merely the reordering, of evidence. *United States v. Santiago-Mendez*, 599 F. Supp. 2d 95, 126 (D.P.R. 2009) ("Spoliation of evidence constitutes 'the intentional destruction of evidence by an affected party.'") (citation omitted).

Moreover, defendant's request for a pretrial evidentiary hearing is moot. That request is based on the fact that the government's preliminary trial exhibit list contains excerpts from these calendars and diaries. (Dkt. 270 at 2-3). Defendant claims that because "the Government is vouching for their authenticity," a hearing is necessary to examine the "integrity, handling, and chain of custody" of these documents. (Dkt. 270 at 3). Yet out of the 158 exhibits on that preliminary trial exhibit list, only four potential exhibits were from Glova's or Baci's journals and calendars.[2] Just as in the trial of defendant's co-conspirator, Frank Peake—where only three of the 129 exhibits offered by the government came from Glova's or Baci's journals or calendars—these documents were never intended to constitute a large percentage of the government's exhibits in this case. And in recently preparing for the possibility of an early November trial date, the government determined that it would offer, at most, only <u>one</u> of these

---

[1] *See also United States v. Laurent*, 607 F.3d 895, 902 (1st Cir. 2010) (in both civil and criminal cases, the burden is on the party seeking a spoliation instruction to establish that "evidence favorable to one side was destroyed by the other") (citation omitted).

[2] These are: (i) GX 4 (Glova's calendar entries for January 18, 2006); (ii) GX 63 (Glova's journal for the "week of Aug 13th"); (iii) GX 119 (an undated page from Baci's journal); and (iv) GX 158 (a placeholder for additional Glova calendar entries to be added in the future).

exhibits into evidence.  Because these documents are not central to the government's case, and in order to conserve judicial resources, the government is willing not to offer any of the four exhibits at issue (or any other excerpts of these journals or calendars) into evidence during its case-in-chief.  Therefore, the issue of holding an evidentiary hearing concerning these four exhibits is moot.  If defendant believes that he can impeach a witness' credibility using these documents, he is free to do so on cross examination during trial.

DATED: October 29, 2014                        Respectfully submitted,

 /s/  Craig Y. Lee
Craig Y. Lee, PR Attorney #G01208
Jon B. Jacobs, PR Attorney #G01508
Trial Attorneys, Antitrust Division
U.S. Department of Justice
450 5th St., NW Suite 11300
Washington, DC 20530
Tel: (202) 307-1044
Fax: (202) 514-6525
Email: craig.lee@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2014, a true and correct copy of the foregoing "UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING ON SPOLIATION AND MOTION FOR LEAVE TO FILE" was filed electronically and to the best of my knowledge, information and belief, counsel for defendant will be notified through the Electronic Case Filing System.

    /s/ Jon B. Jacobs
Jon B. Jacobs, PR Attorney #G01508
Trial Attorney
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W., Suite 11300
Washington, D.C. 20530
Tel.: (202) 514-5012
Fax: (202) 514-6525
Email: jon.jacobs@usdoj.gov