IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

Criminal No. 03:13-cr-00162 (DRD)

v.

**THOMAS FARMER,**
Defendant.

## UNITED STATES' NOTICE REGARDING DECEMBER 9, 2014 HEARING

The Court scheduled a hearing for December 9, 2014 at 1:30 p.m. AST on two pending motions: (i) defendant's Motion to Suppress Physical Evidence;[1] and (ii) defendant's Motion to Compel and for an Evidentiary Hearing regarding alleged spoliation.[2] The United States seeks leave of Court to file this Notice, both to provide supplemental information regarding the allegations of spoliation and to notify the Court that the government will be unable to offer testimonial evidence on either of the pending motions at the December 9 hearing because its witnesses are unavailable. If this Court rules that testimonial evidence is required, the United States will ask for a continuance. Otherwise, the United States will appear in Court on December 9 prepared for oral argument on these two motions.

<u>Supplemental information regarding defendant's allegations of spoliation</u>. On June 4, 2014, defendant filed a motion alleging that Greg Glova and Peter Baci, two of the government's cooperating witnesses, had spoliated evidence by cutting pages out of their bound diaries, daily journals, notebooks and calendars. (Dkt. 144, at 7-14). Defendant speculated that Glova and Baci cut these pages out of their notebooks "after the original search, while the documents were

---

[1] *See* Dkt. 135 (defendant's motion); Dkt. 140 (government's opposition); Dkt. 152 (defendant's first notice of supplemental authority); Dkt. 157 (defendant's second notice of supplemental authority).

[2] *See* Dkt. 144 at 7-14 (defendant's motion); Dkt. 156 at 1-5 (government's opposition); Dkt. 270 at 2-3 (defendant's informative motion); Dkt. 279 (government's opposition and notice that issue is now moot).

nominally in the custody of the Government, or actually in the control of its cooperators (i.e., Horizon, Glova, or Baci)." (Dkt.144, at 12). The government responded that the most plausible explanation for the condition of certain documents is that they reflected Glova's and Baci's filing and document practices prior to the search warrants being executed. (Dkt. 156, at 4).

In preparing for a potential evidentiary hearing, the United States recently learned new information relating to this issue. As described in the attached affidavit of FBI Special Agent Byron Thompson (Exhibit 1), pages of the bound journals and calendars were removed by the vendor hired by the FBI to make digital images of the documentary material seized pursuant to search warrants. (Exh. 1 ¶ 8). These pages were removed from their binding by the vendor in order to ensure that the vendor could make a proper scan of the relevant pages. *Id.* This process was done in the presence, and under the direction and supervision, of Special Agent Thompson. (Exh. 1 ¶ 6, 8). An FBI employee, either Special Agent Thompson or an FBI forensic analyst, was present during the entire process by which the seized documents were copied and made into electronic images. (Exh. 1 ¶ 6). At no time did Mr. Glova or Mr. Baci have access to original documents that had been seized before they were scanned. (Exh. 1 ¶ 9).

These facts further demonstrate that defendant's allegations of spoliation are meritless. Spoliation is the intentional destruction of evidence by an affected party. *See United States v. Santiago-Méndez*, 599 F. Supp. 2d 95, 126 (D.P.R. 2009). Special Agent Thompson's affidavit shows that this evidence was not intentionally destroyed. Instead, a protocol was followed to ensure that the pages from the bound notebooks and calendars were properly scanned and then kept together with the original cover and a binder clip. (Exh. 1 ¶ 8). And this procedure was done by a third-party vendor, under the direction and supervision of the FBI – not by Glova, not by Baci, or any other "affected party." *Santiago-Méndez*, 599 F. Supp. 2d at 126.

Moreover, as the government has notified the Court previously, this issue of spoliation and the chain of custody for Glova's and Baci's notebooks, calendars and diaries is now moot. The United States does not intend to offer into evidence any pages from these documents during its case in chief at trial. (Dkt. 279).

<u>Notice regarding unavailability of agent witnesses for December 9 hearing</u>.  The United States will appear on December 9 and be prepared for oral argument on the two motions at issue. It cannot, however, present live testimonial evidence on either issue that day because its witnesses are unavailable. Special Agent Thompson, who would testify about both the motion to suppress physical evidence and the motion regarding spoliation, is unavailable because he is the case agent and a testifying witness in a case scheduled to go to trial in Greenville, South Carolina starting December 9. Defense Criminal Investigative Service Special Agent Eugene Choi, the other witness who would testify on the motion to suppress physical evidence, is currently stationed overseas until January 2015.

DATED:  November 24, 2014.

       Respectfully submitted,

        _/s/ Craig Lee_____
       Craig Y. Lee, PR Attorney #G01208
       Jon B. Jacobs, PR Attorney #G01508
       Trial Attorneys
       U.S. Department of Justice
       Antitrust Division
       450 5th St., NW Suite 11300
       Washington, DC 20530
       Tel: (202) 307-1044
       Fax: (202) 514-6525
       Email: craig.lee@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2014, a true and correct copy of the foregoing "UNITED STATES' NOTICE REGARDING DECEMBER 9, 2014 HEARING" was filed electronically and to the best of my knowledge, information and belief, counsel for defendant will be notified through the Electronic Case Filing System.

      /s/ Jon B. Jacobs
Craig Y. Lee, PR Attorney #G01208
Jon B. Jacobs, PR Attorney #G01508
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 5th St., NW Suite 11300
Washington, DC 20530
Tel: (202) 514-5012
Fax: (202) 514-6525
Email: jon.jacobs@usdoj.gov