IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO. 13-162(DRD) |
| v. | |
| THOMAS FARMER | |

## MOTION TO QUASH SUBPOENA

**TO THE HONORABLE COURT:**

**COMES NOW** nonparty Pan American Grain ("PAG"), through the undersigned counsel, and without submitting to the jurisdiction of this Honorable Court, makes this special appearance to state and pray as follows:

### I. INTRODUCTION

Nonparty Pan American Grain ("PAG") seeks to quash the subpoenas served upon it on November 13, 2014, by defendant Thomas Farmer ("Farmer") for the production of documents and information. See Exhibit 1. The subpoena requires that PAG produce in eleven days thousands of documents for a period of almost ten years ago. As will be discussed, the subpoena is manifestly overbroad and lacks specificity. Therefore, it is unreasonable and oppressive. Accordingly, it must be quashed.

### II. ARGUMENT

Rule 17 of the Federal Rules of Criminal Procedure, which governs the use of subpoenas in criminal cases, reads, in pertinent part, as follows:

> **(a) Content.** A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the

time and place the subpoena specifies. The clerk must issue a blank subpoena—signed and sealed—to the party requesting it, and that party must fill in the blanks before the subpoena is served.

. . . .

**(c) Producing Documents and Objects**.

**(1) In General**. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena**. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Pursuant to Rule 17(c), a subpoena for documents may be quashed if the production of documents would be "unreasonable or oppressive". United States v. Nixon, 418 U.S. 683 (1974). In order for a subpoena duces tecum to survive a Rule 17(c) analysis, it must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Nixon, 418 U.S. at 700. The specificity requirement "is the most difficult hurdle to overcome." United States v. Wittig, 250 F.R.D. 548 (D.Kan. 2008). "The specificity requirement ensures that Rule 17(c) subpoenas are used only to secure for trial certain documents or sharply defined groups of documents". United States v. Anderson, 31 F.Supp.2d 933, 944 (D. Kan. 1998).

Rule 17 "does not permit defendants to comb through records in an effort to find a defense to a criminal charge; instead, it allows only for the gathering of specifically identified documents reasonably believed to contain evidence relevant to an admissible issue at trial." United States v. Buske, 2012 U.S. Dist. LEXIS 161985, 2012 WL 5497848, at *2 (E.D. Wis. Nov. 13, 2012) (citing United States v. Tokash, 282 F.3d 962, 971 (7th Cir. 2002)).

In the subpoena issued to PAG, Defendant Thomas Farmer seeks a broad variety of documents. Defendant Farmer requests "all documents" relating PAG dealings with all of Puerto Rico cabotage carriers and "all communications" relating to communications about rates or investigation about rates, from January 2008 to the present, between PAG and Crowley, Horizon, Sea Star, Trailerbridge, AJC International, Eagle Logistics Systems, Caribbean Shipping Services, Transnow CO2, Inc., Interra International, Inc., Aqua Gulf, The Department of Justice, The Federal Bureau of Investigation, Plaintiff's counsel in several cases and several individuals.

As can be seen, the subpoena fails the test of specificity. Defendant simply requests "all" documents and "all" communications related to certain categories of information. It has been held that compliance with such a request would be "unduly burdensome". Buske, 2012 U.S. Dist. LEXIS 161985, 2012 WL 5497848, at *2-4. In Buske, the court granted a motion to quash because the subpoena were insufficient since they requested "[a] copy of all e-mails, text messages, instant messages, letters, notes, memoranda, cell phone records, or documentation of any kind reflecting or relating to correspondence or other communication between" government agents and S.C. Johnson.

In United States v. Jungen, 2014 U.S. Dist. LEXIS 138636 (E.D. Wis. September 30, 2014), the court quashed a subpoena which requested "all communications" and "all documents". The court held that the defendants had failed to specify the precise documents and/or communications that they were requesting and allowing that would be tantamount to permitting defendants to comb through a massive amount of records in the hopes that something useful would turn up.

In fact, "courts regularly deny/quash subpoenas phrased in this manner." Buske, 2012 U.S. Dist. LEXIS 161985, at 2, 6; see also United States v. Morris, 287 F.3d 985, 991 (10th Cir. 2002) (use of the word "all" is insufficiently specific); United States v. Booth, 2011 U.S. Dist. LEXIS

3

142205, 2011 WL 6139062, at *2 (D. Nev. Dec. 9, 2011) (finding overbroad a subpoena using "the words 'any,' 'all,' and 'any and all' in many of the forty separate requests for broad categories of information").

The subpoena served on PAG is manifestly overbroad and lacks sufficient specificity to the point of being unreasonable and oppressive. It is simply impossible for PAG to identify all of the documents that could possibly be responsive to the subpoena because the subpoena fails to identify such documents with sufficient specificity.

### III. CONCLUSION

For the foregoing reasons, the subpoena served by Defendant Thomas Farmer served on PAG should be quashed in its entirely.

**RESPETFULLY SUBMITTED.**

I hereby that on this same date, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 24th of November, 2014.

**COLLAZO, CONCEPCIÓN & COLLAZO**
9 Claudia Street - Suite 301
Amelia Industrial Park
Guaynabo, Puerto Rico 00968
Tel. 787-753-8585; Fax: 787-753-5278

Carlos Concepción Castro
USDC-PR No. 218007