## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.                                                                Criminal Case No. 3:13-cr-00162-DRD

**THOMAS FARMER,**
Defendant.

## DEFENSE BRIEF IN RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO CONTINUE EVIDENTIARY HEARINGS

Defendant Thomas Farmer responds to the Government's "Notice" that it will not

participate in the evidentiary hearings set by this Court on the pending motions to suppress and

for spoliation relief. (Docket No. 282).  The Government has repeatedly sought to avoid any

evidentiary hearing, both in written oppositions[1] and orally at the last scheduling conference of

October 16th.  Notwithstanding these objections, this Court made a formal determination on

November 20th of the need for a pretrial evidentiary hearing (Docket No. 281).  In that

determination, this Court reset these two evidentiary hearings for December 9th to address the

underlying issues regarding the Government conduct that gave rise to the motions. Thereafter,

the Government filed a "Notice" indicating that: [i] "the government will be unable to offer

testimonial evidence on either of the pending motions at the December 9 hearing because its

witnesses are unavailable," and [ii] "If this Court rules that testimonial evidence is required, the

United States will ask for a continuance." Docket No.282, at 1.

Because the primary purpose of oral argument at an evidentiary hearing is to discuss the

evidence adduced at the hearing, it makes little sense for the Government to withhold from the

---

[1]  *See, e.g.*, Docket Nos. 156 & 279.

evidentiary hearing the testimony of the material witnesses under its sole control, but offer to use the time for oral argument. The "Notice" thus appears to be yet another effort by the Government to avoid the holding an evidentiary hearing, this time promoted by its withholding of material witnesses for the scheduled date.

To boot, the Government's "Notice" completely contradicts the Government's prior explanation for the spoliated condition of its evidence (now blaming Agent Thompson for this condition after having spent the last six months blaming its key cooperator witnesses Glova and Baci). After repeatedly representing to this Court and to defense counsel for the last six months that the documents at issue were not changed while in the Government's custody for the last six years, the Government now contends that an FBI agent authorized the systematic alteration of all of these material witness-authored documents. This was apparently without the knowledge or consent of the entire prosecution "team" and its multi-member document staff for the last six years. Docket Entry No. 158-1 (DOJ press release identifying document staff). How can the Government claim it did not know for the last six years what it now attempts to argue was large scale document alteration of material evidence authorized by its lead FBI case agent?

If the Government's prior position (its cooperating witnesses did it) suffered from an unusual lack of corroboration from the Government's own cooperators and document authors, its new position (the FBI agent did this on his own without telling us) raises even more serious questions about the lack of curiosity among the prosecution's own "team" as to documents it was tendering and representing to this Court. The Government about-face as to its own evidence confirms the wisdom of this Court's considered determination to hold an evidentiary hearing, rather than rely on oral argument, as to the integrity of the Government's evidence.  The Government's latest contradiction of its own representations to this Court about the status of the

2

documents under its sole control for years also explains why it has refused defense requests since 2013 to produce requested chain of custody evidence—it apparently cannot.

Because the testimony of the Government agents, and of its cooperators Glova and Baci, is necessary for this Court to resolve the two motions, the evidentiary hearing should be continued until the trial date, or the day before, when the necessary witnesses in the Government's sole control, will be available to give hearing testimony. In the interim, this Court should compel the Government to produce the existing chain of custody evidence as to the spoliated documents that the Government has withheld.

The hearing scheduling change caused by the Government will inconvenience the Court in that the Court will have less time to consider the implications of the hearing evidence about the Government's conduct—defeating the entire point of this Court's order compelling the Government to designate its case-in-chief evidence followed by two scheduled hearing dates in advance of trial. This scheduling change will also interrupt final defense trial preparations. The Court can give itself some additional time by barring the Government from seeking to introduce the trial exhibits at issue until the Court has had a chance to rule on the substantive motions.

## Procedural Background

Defendant has moved this Court for suppression relief based upon the Government's multi-year search of electronic evidence that was seized under a federal warrant in April 2008 giving the Government only authority to search on premises, or within thirty (30) days off premises (Docket No. 135), and for relief from the physical alteration and loss of the original pages of the multi-year personal journals and calendars authored by the Government's two key witnesses: alleged Horizon co-conspirator Gregory Glova and alleged Sea Star co-conspirator Peter Baci.

In its recent Notice, the Government provides, for the first time, a new, contradictory, explanation for why its witnesses' "conspiracy journals"[2] have been systematically altered and lost, but this only confirms the need for an evidentiary hearing in order to have an accurate record, rather than the apparently faulty recollection of the Government as to what it (or its key witnesses) did with this material evidence.

As the Court may recall, the defense asked to inspect the originals of the personal journals authored by Government witnesses Glova and Baci. The documents at issue are voluminous, including thousands of pages covering years of handwritten notes and entries covering years, including all four years during which the Government alleges that Defendant Farmer was a member of the same conspiracy with Baci and Glova (2005 through April 2008). In April, 2014, the defense viewed these thousands of pages of originals and discovered that they had been removed from their bindings, they were reassembled out of sequence, and that many documents covering entire critical periods within the alleged conspiracy period are now missing. Docket No. 144 & 144-1, ¶¶ 6-8, 14 (Declaration of L'Etoile). Prior to this defense inspection, the Government had not disclosed to the defense that this original material had been unbound and reassembled. *Id*. at ¶ 6.

At the time, the Government took the position that the original documents they produced for inspection to the defense were in the exact same format as when they were originally seized during the April 17, 2008 execution of the April 16, 2008 search warrants for Star's headquarters (for the Baci material) and for Horizon's headquarters and Glova's home (for the Glova

---

[2] Both Glova and Baci testified during the Peake trial that they used their journals to conduct their alleged conspiracy activities. *See, e.g*., Peake Transcript, 1.15.13, at 170 (Glova identifies entry from his conspiracy day planner); 1.17.13, at 159 (Baci kept track of conspiracy-related items in his notebooks).

material). The defense asked the Government both for the documents establishing the chain of

custody of these documents, and for the search warrant inventories. Docket No. 144, at 10. The

Government refused to provide the defense either the chain of custody evidence or the search

warrant inventories. *Id*. Docket No. 158, at 4 (noting that Government refused to produce search

inventories of FBI agents because not in its custody, possession, or control). The Government

took the position that the physical alterations of the originals must have taken place before the

documents came into the custody of the Government. *Id*. at 12 (reciting Government position).

On June 3, 2014, the defense moved, pursuant to Rule 16 and *Brady*, to compel the

Government to produce its chain of custody evidence, and for an evidentiary hearing "at which

Glova and Baci can be examined about their documents and their current condition." Docket No.

144, at 14.  The Government opposed the motion, contending that the documents in the

Government's current possession were in the same condition as they had been when previously

in the possession of Glova and Baci prior to their seizure by the Government in April 2008.

Docket No. 156, at 4 ("United States' Opposition to Defendant's Motion to Compel and for an

Evidentiary Hearing:" "The original seized documents are in the same condition as the electronic

copies made by the governments outside vendor.").

The Government claimed that the current condition of the conspiracy journals "reflect

Glova's and Baci's filing and document handling practices prior to the search warrants being

executed" on April 17, 2008. Docket 156, at 4.  Specifically, the Government scorned the

defense claim of spoliation as mere:

> speculation about how defendant thinks it would make the most sense for Gregory Glova
> and Peter Baci to keep their calendars and notebooks. If Glova or Baci removed from
> bindings and re-ordered certain pages from their journals and calendars, as defendant
> alleges, they did so before the documents were seized and not after. Because defendant

has failed to prove that spoliation has occurred, all of his accompanying requests for relief should be denied.

Docket No. 156, at 1.

Other than blaming its own two key witnesses (Glova and Baci) the Government's Opposition Brief did not address the fact that the originals dated material contained gaps of missing material that are chronologically inexplicable. For good measure, however, the Government took the footnote position that, even evidence had been destroyed while in the Government's possession, *Brady* was inapplicable pretrial to remedy such conduct. Docket No. 156, at 2 n.1.

Thereafter, the Government opposed the holding of an evidentiary hearing on the issue of spoliation, contending that the evidence reveals only that any alterations were done by Glova and Baci. Despite the Government's objections, this Court scheduled an evidentiary hearing on the spoliation motion for November 13, 2014. Prior to then, the defense sent a letter to Government requesting that they produce their agents, and witnesses, at the scheduled hearing.

When rescheduling the November trial date to January, the Court asked the defense to submit an informative motion identifying the issues for which a hearing was being sought, and the defense supplied some additional photographs of the spoliated originals. In response, the Government filed another Opposition brief to holding an evidentiary hearing on spoliation (along with a request for leave to file such an opposition), contending—again--on October 29, 2014 that:

> Defendant's photographs of some of Glova's and Baci's calendars and journals do not prove that Glova or Baci destroyed evidence. (Dkt. 270 Exhs. 1, 2). At most, they show that certain pages were removed from their binding at some point before they were seized by the FBI on April 17, 2008.

Docket No. 279, at 2. The Government's October 29th brief again was silent on the issue of the missing pages. The Government withdrew the four Government trial exhibits that were taken from the Baci and Glova journals at issue, and suggested that this eliminated the need for a spoliation hearing.

Notwithstanding the Government's repeated objections to the holding of an evidentiary hearing on spoliation, on November 20, 2014, this Court issued a memorandum ruling formally determining that it needed to conduct an evidentiary hearing on both the spoliation and suppression motions. Docket No. 281.

Undaunted, the Government filed its "Notice" (along with a request for leave to file it) informing the Court that the Government will not be producing any witnesses at the evidentiary hearing and that its participation in the evidentiary hearing will be limited to making oral argument. No. 282. The Government claims that its two agents (Agents Thompson and Choi) are unavailable. "If this Court rules that testimonial evidence is required, the United States will ask for a continuance." *Id.* at 1.

The Government took the occasion, however, to provide what it called "supplemental information" about the spoliation issue that factually contradicted all of the positions it had taken with both defense counsel and this Court over the last six months. This new "supplemental information" was supported by a Declaration from Agent Thompson who was not available to participate in the scheduled evidentiary hearing. Specifically, the Government now claimed that the original documents in its exclusive possession since the April 17, 2008 search and seizure actually were not in the same condition as they were when seized. Instead, the original documents had been removed from their bindings at some unspecified time by a vendor,

ostensibly with the permission of Agent Thompson. While the Government's brief alleges that

the separation and copying of these documents by the vendor was done "in the presence and

under the direction and supervision of, Special Agent Thompson." Gov't Notice, at 2. The

corresponding declaration, however, offers no assurance that the alteration of these documents

was done in the presence of Special Agent Thompson.

Once again, neither the Government's Notice, nor the Declaration of Special Agent

Thompson, make any effort to explain the missing documents, or the documents that clearly are

out of numerical or chronological sequence. Nor, for that matter, does the Government attempt to

explain why it urged this Court for the last five months to determine that the documents were in

their original condition for the last six years from the moment in which they fell under the

custody of the Government, when its own agent (Agent Thompson) allegedly knew they were

not because he directed that they be altered at some unknown time in the past while they were in

Government custody. The Court may remember that it was Agent Thompson that the

Government blamed last year for the missing Stallings phone call of March 2008 when the

Government had to explain why it had not been produced either to the Peake defense or to the

Famer defense. *Peake* Docket No. 211, at 3.[3]

The documents themselves tell a different story. The show that the methods used to

separate the notebook and calendar pages from their bindings were different—sometimes they

are just yanked out of the bindings, sometimes they appear to be cut out. Because the

---

[3] Further, Agent Thompson was the affiant who supported the search warrant applications
in 2008 based upon Stallings's personal knowledge of the conspiracy, even though the
Government would later deny in 2013 that Stallings had been a conspiracy participant at all.
Peake Docket No. 211.

Government, its witnesses, or its agents, did this, it is difficult to identify the responsibility for

the altered conditions and for the missing documents. That is the prejudice suffered by the

defense—because of the manner in which the Government collected, maintained, and failed to

protect the integrity of material documents, an unknown number of documents are missing, and

the remaining documents are not in their original order. If this were the pages to Don Quixote, it

would be one thing. These are, according to the Government and its witnesses, the handwritten

chronicles of the conspiracy from the perspective of its managers at Sea Star and Horizon,

spanning years. They are irreplaceable.

### Argument

"Spoliation refers to the destruction or material alteration of evidence or to the failure to

preserve property for another's use as evidence in pending or reasonably foreseeable litigation."

*Talavera v. Ford Motor Co*., 932 F.Supp.2d 252, 255 (D.P.R. 2013) (quoting *Perez v. Hyndai Motor*

*Co*., 440 F. Supp.2d 57, 61 (D.P/R. 2006)). The duty to preserve arises prior to litigation, and

includes a duty to notify a party of possible destruction. *Id.*

The standard is applicable to spoliation in this Circuit was fairly characterized by the

*Talavera* opinion as follows:

> 'Sanctions for spoliation range from dismissal of the action, exclusion of evidence or testimony or instructing the jury on a negative inference to spoliation whereby jury may infer that party that destroyed evidence did so out of realization that it was unfavorable.' *Southwire Co. v. Ramallo Bros, Printing Inc*., No. 03-1100 (GAG), 2011 WL 2469943, at *4 (quoting *Perez*, 440 F. Supp. 2d at 62). '[T]he district court has inherent power to exclude evidence that has been improperly altered or damaged by a party where necessary to prevent the non-offending side from suffering unfair prejudice.' *Id*. (quoting *Collazo-Santiago v. Toyota Motor Corp*., 149 F.3d 23, 28 (1st Cir. 1998)). The goals behind imposing sanctions are "to rectify any prejudice the non-offending party may have suffered as a result of the loss of evidence and to deter any future conduct, particularly deliberate conduct, leading to such loss of evidence." *Collazo-Santiago*, 149 F.3d at 29 (citing *Sacramon v. Bridgestone/Firestone, Inc*., 106 F.3d 444, 446 (1st Cir. 1997))).

When considering sanctions, the Court weighs the amount of prejudice to the non-offending party and the degree of fault of the offending party. Collazo-Santiago, 149 F.3d at 29.' "'*[B]ad faith or comparable bad motive' is not required for the court to exclude evidence in situations involving spoliation.*" *Perez*, 440 F. Supp. 2d at 6 (citing *Trull v. Volkswagon of Am., Inc*., 187 F.3d 88, 95 (1st Cir. 1999)). The type and severity of the sanction depends on the amount of prejudice to the opposing party. *Perez*, 440 F.Supp.2d at 61.

*Talavera*, 932 F. Supp. 2d at 255-56 (emphasis added).

This longstanding precedent unquestionably applies to documents. *See, e.g*., *Testa v. Walmart Stores, Inc*., 144 F.3d 173, 177 (1st Cir. 1998) (upholding spoliation jury instruction when document missing due to document retention policy: "We have held with some regularity that a trier of fact may (but need not) infer from a party's obliteration of a document relevant to a litigated issue that the contents of the document were unfavorable to that party.").

Here, the fact of spoliation is largely undisputed, whether it is in the form of agent-authorized alterations of the original documents creating the current uncertainty as to whether the Government or its witnesses is responsible for the missing and spoliated originals, or based upon the Government's failure to take the necessary steps to avoid this result.

Absent an evidentiary hearing, this Court does not know when, or how, this spoliation occurred, or even by whom. The Government's witnesses (Glova and Baci) have represented to their sentencing court (and also to the prosecution) that they were repeatedly shown their journal material as part of their cooperation, including multiple day long sessions and occasions poring over them with agents and paralegals. Almost all of these document sessions with these two witnesses were not the subject of agent interview reports (i.e., 302s) which is unusual in itself and leaves questions about the conditions under which they had access to their alleged

conspiracy documents. But even within the Government-authored documents related to these witnesses, there is no suggestion that their years-worth of daily journals are being, or have been, systematically dismembered and re-arranged.

## Conclusion

For the foregoing reasons, this Court should: [i] re-schedule the two evidentiary hearings at or near the current trial date, [ii] compel the Government to provide the defense with its chain of custody documents relating to the disputed documents within the next thirty (30) days, and [iii] direct the Government to produce the originals of the documents at issue, and its material witnesses at the re-scheduled hearing, including Agents Thompson and Choi, and witnesses Glova, and Baci.

Respectfully submitted,

Dated: December 1, 2014                    By*: /s/* _Terrance G. Reed_____
                                           Terrance G. Reed (Pro Hac Vice)
                                           V. Thomas Lankford (Pro Hac Vice)
                                           Lankford & Reed, PLLC
                                           120 N. St. Asaph Street
                                           Alexandria, VA 22314
                                           (Phone) 703-299-5000
                                           (Facsimile) 703-299-8876
                                           tgreed@lrfirm.net
                                           vtlankford@lrfirm.net

                                           By: /s/ _Mark Rosenblum_____
                                           Mark Rosenblum (Pro Hac Vice)
                                           Mark Rosenblum, P.A.
                                           1300 Riverplace Boulevard, Suite 601
                                           Jacksonville, FL 32207
                                           (Phone) 904-396-6100
                                           (Facsimile) 904-346-4481
                                           mark@markrosenblumlaw.com

By: /s/ _Joseph C. Laws_____
Joseph C. Laws (USDC-PR Bar No. 120306)
239 Arterial Hostos Avenue, Suite 402
San Juan, PR 00918
(Phone) 787-754-7777
(Facsimile) 787-763-5223
lawofficesofjosephlaws@gmail.com

*Counsel for Defendant Thomas Farmer*

**CERTIFICATE OF SERVICE**

I hereby certify on the 1st day of December, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig Y. Lee, PR Attorney #G01208
Jon B. Jacobs, PR Attorney #G01508
Trial Attorneys
U.S. Department of Justice
Antitrust Division
National Criminal Enforcement Section
450 5th St., NW Suite 11300
Washington, DC 20530
Tel: (202) 307-6694
Fax: (202) 514-6525
Email: jon.jacobs@usdoj.gov

> By: /s/ Terrance G. Reed (Pro Hac Vice)
> LANKFORD & REED, PLLC
> 120 N. St. Asaph Street
> Alexandria, VA 22314
> (Phone) 703-299-5000
> (Facsimile) 703-299-8876
> tgreed@lrfirm.net