IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**THOMAS FARMER,**<br>Defendant. | Criminal No. 03:13-cr-00162 (DRD) |

### UNITED STATES' MOTION FOR AN ORDER REQUIRING PRETRIAL DISCLOSURE OF EXPERT WITNESS TESTIMONY

The United States requests an Order requiring the pretrial disclosure of information related to any expert witness testimony in this case. Without such an Order, one or more continuances may be necessary during trial in order to decide motions to exclude or limit expert testimony and to hold hearings pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) and its progeny. An Order requiring pretrial disclosure of expert witnesses would minimize the risk of disruption to this Court's trial schedule and inconvenience to the jury.

On November 14, 2014, the United States wrote to defense counsel stating that the government would not call any expert witnesses in its case in chief. The letter asked defendant to notify the government whether he intended to call any experts during the defense case and, if so, to provide each expert's name and qualifications, a summary of each expert's opinions, and the bases and reasons for those opinions. (Exhibit 1). In return, the government promised to notify defendant, within 30 days of receiving this information, whether it intended to call any experts during its rebuttal case and, if it did, to provide the same information for each expert witness (name, qualifications, opinions, and bases). *Id.* As stated in that letter, the reason for this request was to avoid any mid-trial continuances to conduct *Daubert* hearings. *Id.*

On November 21, defense counsel responded. In his letter, he stated that he would not make any disclosures about expert testimony unless it was required by the rules, and that any *Daubert* hearings could take place during trial. (Exhibit 2).

Defendant was indicted on March 21, 2013 – more than 20 months ago. He received the government's extensive discovery production on April 30, 2013 – more than 19 months ago. He received the government's preliminary exhibit list on March 28, 2014 – more than 8 months ago. Trial is now less than seven weeks away. The United States believes that defendant knows whether he may call an expert witness in his defense case.

Requiring the pretrial disclosure of such information by defendant in this case may not be strictly required by Rule 16, which is triggered when defendant requests disclosure of expert information under Rule 16(a)(1)(G) and the government complies. Fed. R. Crim. P. 16(b)(1)(C)(i). But neither is an Order requiring such pretrial disclosure <u>prohibited</u> by that Rule. In fact, because the proposed Order requires disclosures by both defendant (for any experts in its defense case) and the government (for any experts in its rebuttal case), it is consistent with the purpose of Rule 16's provisions regarding reciprocal discovery, which are:

> intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.

Fed. R. Crim. P. 16 advisory committee's note (1993 amendment). Nor does requiring a defendant to make pretrial expert disclosures implicate the right against self-incrimination. *United States v. Rajaratnam,* 2011 WL 723530 at *3-4 (S.D.N.Y. Feb. 25, 2011) (requiring defendant to make expert disclosures when government has not made any expert disclosures does not violate defendant's Fifth Amendment rights) (citing cases).

For those reasons, the United States moves for an Order requiring the pretrial disclosure of information related to any expert witness testimony in this case.

DATED:  December 10, 2014.

>Respectfully submitted,
>
> /s/ Jon B. Jacobs
>Craig Y. Lee, PR Attorney #G01208
>Jon B. Jacobs, PR Attorney #G01508
>Trial Attorneys
>U.S. Department of Justice
>Antitrust Division
>450 5th St., NW Suite 11300
>Washington, DC 20530
>Tel: (202) 514-5012
>Fax: (202) 514-6525
>Email: jon.jacobs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2014, a true and correct copy of the foregoing "UNITED STATES' MOTION FOR AN ORDER REQUIRING PRETRIAL DISCLOSURE OF EXPERT WITNESS TESTIMONY," was filed electronically and to the best of my knowledge, information and belief, counsel for defendant will be notified through the Electronic Case Filing System.

> /s/ Jon B. Jacobs
>Craig Y. Lee, PR Attorney #G01208
>Jon B. Jacobs, PR Attorney #G01508
>Trial Attorneys
>U.S. Department of Justice
>Antitrust Division
>450 5th St., NW Suite 11300
>Washington, DC 20530
>Tel: (202) 514-5012
>Fax: (202) 514-6525
>Email: jon.jacobs@usdoj.gov